381 P.2d 718

James H. STARKEY, for himself and for all other persons similarly situated, Plaintiff and Appellant,

v.

BOARD OF EDUCATION OF DAVIS COUNTY SCHOOL DISTRICT, Defendant and Respondent.

No. 9897.

Supreme Court of Utah.

May 21, 1963.

Norman B. Hendricks, Salt Lake City, for appellant.

King & King, Clearfield, H. Arnold Rich, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff seeks to prevent enforcement against him of a resolution of the defendant Board of Education prohibiting married students from participating in extracurricular school activities. From adverse findings and judgment he appeals.

Plaintiff James Harold Starkey, a senior in Davis County High School during the school year 1962–63, was vice president of the Boys' Association; on the usher squad, an honorary group; a member of the wrestling team; and expected to be on the baseball team. It was stipulated that he was barred from participating in the above-named activities as a result of the enforcement of the resolution referred to because of his marriage during the 1962 Christmas recess.

He challenges the validity of the resolution and its application to him on the ground that it deprives him of rights assured under the constitutions of the United States and the State of Utah: Sec. 1, Art. X of the Utah Constitution which provides for the maintenance of a "uniform system of public schools, which shall be open to all children of the State * * *"; the prohibition against depriving anyone of life, liberty or property without due process of law, found in Sec. 7, Art. I, Utah Constitution and Amendment XIV of the U. S. Constitution; and the equal protection of law clauses of Sec. 24, Art. I, Utah Constitution, and Amendment XIV of the U. S. Constitution.

 It is contended that the requirement to maintain a "uniform system of public schools, which shall be open to all children of the State * * *" must include the extracurricular activities and not merely the academic pursuits since the latter make up only a part of the total school program. Plaintiff also complains that inasmuch as interdictions of the resolution are not applied to such activities as band, speech, drama and choir, invoking it to make him ineligible for his extracurricular activities referred to above is unjustly discriminatory. In this he is obviously confusing the courses just stated which are

given as regular classes for credit with their associated extracurricular activities. The latter are supplementary to the regular classes of the academic curriculum and are carried on under the discretionary powers granted to the Board of Education,[1] but are not part of the school program required by Sec. 1 of Art. X of the Utah Constitution. That requirement is satisfied where the regular curriculum of the school is open to all eligible children.[2]

The extent to which other supplementary recreational and educational extracurricular activities of the character referred to are made available is the responsibility of the School Board. The manner in which this is carried out of necessity rests in their discretion. Their authority extends to making reasonable rules and regulations calculated to serve the purpose of education. This, of course, includes the prescribing of qualifications for students to participate. When they have adopted standards it is to be assumed that they have acted properly and one attacking their action has the burden of persuasion to the contrary.[3]

It is not for the courts to be concerned with the wisdom or propriety of the resolution as to its social desirability, nor whether it best serves the objectives of education, nor with the convenience or inconvenience of its application to the plaintiff in his particular circumstances. So long as the resolution is deemed by the Board of Education to serve the purpose of best promoting the objectives of the school and the standards for eligibility are based upon uniformly applied classifications which bear some reasonable relationship to the objectives, it cannot be said to be capricious, arbitrary or unjustly discriminatory.[4]

The reasons given by the Board in justification of its resolution are certainly not entirely without merit. It is asserted that one of its main concerns is the problem of "drop out" of large numbers of high school students before completing that phase of their education; that the increased number of teen-age marriages between high school students is considered to be one of the contributing factors to this problem; and that such marriages should be discouraged; and further that when they do occur it is desirable that the parties devote more time and attention to the serious responsibilities involved rather than spending the extra time needed for extracurricular school activities.

1. Beard v. Board of Education, 81 Utah 51, 16 P.2d 900.
2. See Logan City School District v. Kowallis, 94 Utah 342, 77 P.2d 348.
3. See 47 Am.Jur. 328.
4. See Hansen v. Public Employees Retirement System, etc., 122 Utah 44, 246 P. 2d 591; Cf. Cochrane v. Mesick Board of Education, 360 Mich. 390, 103 N.W.2d 569.

We have no disagreement with the proposition advocated that all students attending school should be accorded equal privileges and advantages. But the participation in extracurricular activities must necessarily be subject to regulations as to eligibility. Engaging in them is a privilege which may be claimed only in accordance with the standards set up for participation.[5] It is conceded, as plaintiff insists, that he has a constitutional right both to attend school and to get married. But he has no "right" to compel the Board of Education to exercise its discretion to his personal advantage so he can participate in the named activities.[6]

Plaintiff also argues that the resolution is discriminatory because it allows students already married to continue in activities during the school year, 1962–63. It is to be observed that the plaintiff had knowledge of the restrictions of the resolution when he got married and thus voluntarily became disqualified, whereas, those who were married prior to the passage of the resolution were not aware that such might be the consequences of getting married. The exclusion from the effect of the resolution of those already married and its application only to subsequent marriages is in keeping with the repugnance always manifest in our system of law against the adoption of rules having a retroactive effect. A similar procedure was expressly upheld in the case of Board of Trustees of University of Mississippi v. Waugh, which was approved by the United States Supreme Court.[7]

The judgment is affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.

---

5. See Utah Mfrs. v. Stewart, 82 Utah 198, 23 P.2d 229; Burkitt v. School Dist. No. 1, 195 Or. 471, 246 P.2d 566.

6. See State v. Lawrence Circuit Court, 240 Ind. 114, 162 N.E.2d 250; McAuliffe v. City of New Bedford, 455 Mass. 216, 29 N.E. 517, (Where it was stated: "The petitioner may have a constitutional right to talk politics, but he has no constitutional right to be a policeman.") ; also Board of Trustees of University of Mississippi v. Waugh, 105 Miss. 623, 62 So. 827, affirmed 237 U.S. 589, 35 S.Ct. 720, 59 L.Ed. 1131: ("The Fourteenth Amendment to the Constitution of the United States was never intended to act as an accomplice to any young man who wanted to take advantage of the gratuitous advantages offered the youths to obtain an education, and yet refuse to obey and submit to the disciplinary regulations enacted by the Legislature for the welfare of the institutions of learning.")

7. Footnote 6, supra.