## Frantz v. Stroud Union School District Board of School Directors

*Lee B. Koehler*, for plaintiff.

*Williams & Williams*, for defendant.

DAVIS, P. J., April 3, 1964.—Frederick L. Frantz,

the minor plaintiff, was a student at the Stroud Union High School, interested in varsity athletics, particularly baseball, when he was married on December 8, 1962, at age 16. He had been a member of the varsity baseball and football teams during his high school career and won his "Letter" in both sports each year. On December 18, 1963, the Board of School Directors of Stroud Union School District, defendant herein, passed a resolution providing "that married students attending high school be permitted to attend classes to earn credits for graduation but that they be denied the privilege of participating in activities in which there is any public performance involved or in which the students act in the name of the school". Subsequently, on or about January 24, 1964, plaintiff was officially notified by the principal of the Stroud Union High School that, by virtue of the aforesaid resolution, he would not be permitted to play on the varsity baseball team during the spring of 1964, the year of his contemplated graduation. On February 11, 1964, this action in equity was instituted to restrain said Stroud Union School District from preventing him from playing baseball because of the aforesaid marriage.

Plaintiff predicates his contention that the said resolution is invalid on several grounds:

1. Said resolution constitutes an arbitrary and capricious exercise of authority;

2. Said resolution is unconstitutional as applied to the minor plaintiff in that it constitutes ex post facto legislation, and impairment of liberty without due process and is retrospective legislation which impairs a vested statutory right to full and complete education;

3. Said resolution is contrary to public policy;

4. If said resolution is valid, it should not apply to plaintiff under the facts established by the testimony.

The power of defendant school board to adopt the challenged regulation is derived from the Act of March

10, 1949, P. L. 30, art. V, sec. 511, as amended, 24 PS §5-511, which reads, in part:

"(a) The board of school directors in every school district shall prescribe, adopt, and enforce such reasonable rules and regulations as it may deem proper, regarding (1) the management, supervision, control, or prohibition of exercises, athletics, or games of any kind, school publications, debating, forensic, dramatic, musical, and other activities related to the school program. . . ."

Counsel has not cited, nor have we found, any Pennsylvania decisions involving the right of a school board to prohibit participation by a student in interscholastic athletics for the sole reason that he or she has contracted marriage. However, our own appellate courts have clearly set forth the powers of a school board concerning matters committed by law to its discretion. In the case of Farris v. Swetts, 158 Pa. Superior Ct. 645, 648, the court said:

"We recognize that when one attacks the action of a school board concerning matters committed by law to its discretion, he has a heavy burden as the courts are not prone to disturb a school board's decision. Indeed, they are without jurisdiction to interfere therewith unless it is apparent that the school board's conduct is arbitrary, capricious and to the prejudice of public interest. Lack of wisdom or mistaken judgment is insufficient . . ."

Counsel for plaintiff contends that because the school board in this instance did not officially investigate the exact situation, did not appoint an investigating committee, did not consult the parent and teachers association and the like, that its action was obviously arbitrary and capricious. We do not so view the situation. Plaintiff presented no direct evidence to show that the school directors did not know the effects caused by the marriage of a high school student. As a matter of fact, in

many respects, the effects are a matter of common knowledge. Until otherwise shown, a school director is entitled to be credited with knowledge commensurate with his responsibility in that official position.

The reason already discussed, as well as the reasons set forth under headings 2 and 3, are discussed and considered in Kissick v. Garland Independent School District, 330 S. W. 2d 708 (Tex. Civ. App., 1959) ; Cochrane v. Board of Education of Mesick Consolidated School District, 360 Mich. 390, 103 N. W. 2d 569 (1960) ; Starkey v. Board of Education of Davis County School District, 14 Utah 2d 227, 381 P. 2d 718 (1963), all appellate court cases, and State ex rel. Baker v. Stevenson, 189 N. E. 2d 181 (C. P. Ohio, 1962), a common pleas court decision. All of these cases sustained the school board in its action, which was relatively similar to the case under consideration. Since this opinion involves only a special injunction, we shall not go into a discussion of these matters at this time. It suffices to say that we agree with the action of said courts in sustaining the said school boards.

We now come to a consideration of the last question, whether, under the facts established by the testimony, the minor plaintiff in this action should be exempted from the effects of said resolution. The testimony establishes that the minor plaintiff and his father called on the principal of the high school a short time before the marriage took place, December 8, 1962, and inquired whether plaintiff would be able to continue in athletics after the marriage. The principal explained to both plaintiff and his father that he would recommend to the superintendent of schools that plaintiff would not be permitted to participate in athletics, and that if the superintendent sustained his point of view, he would inform them sometime during the Christmas vacation. Plaintiff heard nothing further from the principal or from any school authority in relation to this

matter until after the passage of the resolution in question on December 18, 1963. Meanwhile, he played a full season on the varsity baseball team and the varsity football team. It was not until January, 1964 that he was notified that he could not play on the varsity baseball team. The minor plaintiff was a member and "Letter" recipient of the first string varsity football team during his freshman, sophomore, junior and senior years, and also a first string and "Letter" recipient of the varsity baseball team during his freshman, sophomore and junior years. Plaintiff testified that after furthering his education at East Stroudsburg State College in physical education, he desired to make baseball his career. That baseball is extremely important to this young man is clearly demonstrated. The Pennsylvania Interscholastic Athletic Association rules and regulations provide that a student may not move from one school district to another for the purpose of engaging in athletics. All of the public schools in the Commonwealth of Pennsylvania, except the Philadelphia public schools, are members of this association. Thus, it is clear that if this young man does not play baseball at the Stroud Union High School, he cannot play baseball in any other public school system in Pennsylvania this spring. Plaintiff testified that during the past summer, he, with his wife, lived with his wife's mother in Northampton County, Pa., and he played baseball in 20 games for the Northampton team in the Lehigh-Northampton American Legion B a s e b a l l League. He further testified that if he had known he could not play baseball at Stroud Union High, he could have established a residence with his wife's mother in Northampton County and been eligible to play baseball in a high school in said county, which does not have the restriction on married students; that, as a matter of fact, he had been solicited to play football at one of the high schools in Northampton County. If plaintiff had

not inquired of the school authorities in regard to his status, as hereinbefore set forth, we would feel that he had taken his chances and lost and could not legally complain. But, the school authorities having impliedly told him that he could play varsity athletics and allowed him to play varsity athletics in the spring and fall of last year, in our opinion were in no proper position to deprive him of the opportunity to play baseball in the spring of 1964, at a time when he was thereby also deprived of the opportunity to seek an opportunity to engage in the sport elsewhere. We do not believe that the court of equity should countenance such a situation, and, therefore, shall enter a decree restraining the school district from precluding this plaintiff from playing baseball this spring because of the fact that he is married.

The situation is somewhat analogous to the case of Commonwealth ex rel. Storb v. Schroll, 18 D. & C. 2d 547 (C. P. Lancaster County, 1959). In that case, defendant had been appointed school director to fill an unexpired term when he had been a resident of the district for less than the one-year period required by the Public School Code of 1949. Later, an action was instituted to oust him from the school board. The court said:

"Defendant was clearly not eligible for appointment to the office of school director at the time he was appointed, since he did not fulfill all of the qualifications prescribed by the code. Unless the delay of two years and 28 days in attacking defendant's title to the office has a curative effect, then defendant's appointment was unlawful and he should be removed from office.

". . . Laches is an equitable doctrine which is not applied merely by the passage of time but only when the delay works to the disadvantage or injury of the party invoking the doctrine. Laches may be imputed to the Commonwealth as well as to an individual: Com-

monwealth ex rel. Attorney General v. Bala & Bryn Mawr Turnpike Co., 153 Pa. 47, 53; Pittsburgh Railways Company v. Carrick Borough, 259 Pa. 333, 339; Pittsburgh v. Pittsburgh & West Virginia Railway, 283 Pa. 196; Commonwealth ex rel. Margiotti v. Union Traction Company of Philadelphia, 327 Pa. 497, 513. We must, therefore, determine whether the delay of over two years in attacking defendant's title to the office of school director will result in disadvantage or injury to defendant if he is ousted from office.

"Approximately four months after defendant's appointment, he did qualify under the code, for by that time he had been a resident of the district for one year. In the more than two years since his appointment, defendant has contributed of his time, talents and energy on behalf of the school district, without remuneration . . . In our opinion, to oust defendant from office after he has been permitted to serve for over two years would be eminently unfair, unkind and unjust, and a serious injury to defendant in his standing in the community, in his pride of accomplishment in service to the public and in the loss to the public of the experience he has gained through more than two years' service on the school board . . . We conclude that plaintiff has been guilty of laches in not instituting this action promptly and is estopped from asserting this cause of action".

We conclude that the board of school directors' delay of over one year in taking action to prevent plaintiff's participation in varsity sports after inquiry was made constitutes laches and, by reason of this and by reason of the board of school directors' representation that his marriage would not prevent his athletic activities and allowing him to engage in varsity sports in the spring and fall of 1963, puts the school district in a position where it is estopped from preventing him from playing in the spring of 1964.

Although final hearing has been held, a complete and

final adjudication in this matter at this time is impractical. The spring baseball season is now upon us. The time required to pass upon 111 requests for findings of fact and 28 requests for conclusions of law and the writing of a full adjudication would make the question moot before the decision was rendered. Therefore, we shall enter a special injunction. However, if it appears necessary or advisable, a full and complete adjudication will be filed later.

DECREE

And now, April 3, 1964, it is ordered, adjudged and decreed as follows:

1. That a special injunction shall issue enjoining the Board of School Directors of Stroud Union School District, its officers, servants and agents, from precluding Frederick L. Frantz, minor plaintiff, from fully participating on the Stroud Union High School interscholastic baseball team during the spring season of 1964 because of the fact that he is married.

2. That this injunction is to take effect upon plaintiff's entering an injunction bond approved by the court in the sum of $100.