This is an appeal by the plaintiffs from an order of the Circuit Court of Tuscaloosa County dismissing their complaint which questioned the constitutionality of Rule I, Section 5 of the By-Laws of the Alabama High School Athletic Association.
Rule I, Section 5, provides:
 "`Section 5. Any member of a high school athletic team who participates in an athletic contest as a member of a similar team the same season shall be ineligible to compete under these rules for the remainder of the season.
 "NOTE — A sports season starts the day of the first ball game. A student cannot play with an outside team on or after this date until the high school season has been completed. If a student is in high school and ineligible under the first semester for any period of time, he cannot participate with an outside team after the season starts and join the high school team when he becomes eligible.'"
It is not disputed that the plaintiffs, appellants, during the 1977-78 basketball season, played on YMCA or church basketball teams at the same time they were members of the Eastwood School basketball team. They were, therefore, declared ineligible for participation on the school basketball team for the remainder of that season. They, thereupon, filed this action contending that the rule violates the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution and Constitution of Alabama, Art. 1, Sections 6, 13. We disagree and affirm.
We need not decide whether there could be circumstances under which the Constitutions of the United States and the State of Alabama would be violated by restrictions on a student's participation in high school sports. We hold only that such circumstances are not presented here. Absent some evidence that a student athlete has suffered impairment of a property right, or that the acts of the association are the result of fraud, etc., we adhere to our holding in Scott v. Kilpatrick, 286 Ala. 129,132, 237 So.2d 652 (1970):
 "Participation in high school athletics is an extracurricula [sic] activity subject to regulations as to eligibility.
. . . . .
 "The member schools are in better position to promulgate rules governing participation in high school athletics than anyone else, and are fully cognizant of the reasons underlying such rules.
 "If officials of a school desire to associate with other schools and prescribe conditions of eligibility for students who are to become members of the school's athletic teams, and the member schools vest final enforcement of the association's rules in boards of control, then a court should not interfere in such internal operation of the affairs of the association. See Tennessee Secondary School Athletic *Page 258 Association et al. v. Cox et al., 221 Tenn. 164, 425 S.W.2d 597; Morrison v. Roberts, 183 Okla. 359, 82 P.2d 1023; Robinson v. Illinois High School Association, 45 Ill. App.2d 277, 195 N.E.2d 38; State ex rel. Ohio High School Athletic Association v. Judges of the Court of Common Pleas, 173 Ohio St. 239, 181 N.E.2d 261; Sult v. Gilbert, 148 Fla. 31, 3 So.2d 729; State ex rel. Indiana High School Athletic Association v. Lawrence Circuit Court, 240 Ind. 114, 162 N.E.2d 250; Starkey v. Board of Education of Davis County School District, 14 Utah 2d 227, 381 P.2d 718." The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.