OPINION OF THE COURT
James F. Niehoff, J.
In this proceeding under CPLR article 78, petitioners seek judgment requiring respondents to permit them to participate in varsity interscholastic football competition during the 1979 season as members of the Levittown Memorial High School team.
The petitioners are former members of the class which graduated from the high school in June, 1979 and have been required to repeat certain courses by reason of their having received failing grades therein. They now expect to graduate in January, 1980.
During the school year 1978-1979, while they were members of the senior class, the petitioners were unable to participate in interscholastic football because of the teachers’ strike in the Levittown schools which caused the closing of their school in September and October, 1978.
*469 At issue is the interpretation of the regulation of the Commissioner of Education which defines a pupil’s eligibility for interschool athletic competition in senior high school grades 9, 10, 11 and 12. The regulation (8 NYCRR 135.4 [c] [7] [ii], [b] [1]) reads as follows: "A pupil shall be eligible for senior high school athletic competition only during eight consecutive semesters after his entry in the ninth grade and prior to graduation, unless sufficient evidence is presented by the chief school officer to the league or section to show that the pupil’s failure to enter competition during one or more semesters was caused by illness, accident, or other such circumstances deemed acceptable to the league, section or association. A pupil shall be eligible for only four years of inter-school competition in any one sport. A pupil shall be eligible for interschool competition only between his 14th and 19th birthdays. A pupil who attains the age of 19 years on or after September 1 may continue to participate during that school year in all sports.”
In Murtagh v Nyquist (78 Misc 2d 876, 877) the "duration of competition” regulation (then found in 8 NYCRR 135.4 [e] [3] [i], [a]) was found to have an obvious and reasonable basis which was to prevent "red shirting” or the holding back of a pupil for one grade for academic reasons so that he or she could then compete in the fifth year of high school when the pupil is more mature, more physically developed and presumably more proficient. In Murtagh (supra, pp 877-878) the court held that red shirting is undesirable "because it encourages students interested in athletics to delay completion of their high school education because it provides a vehicle whereby the older 'red shirted’ student is competing with younger, less developed students — a situation which could lead to injuries.” In Murtagh, the petitioner did not claim that he fell within one of the exceptions set forth above and the petition was dismissed.
In the instant proceeding the petitioners do claim that they fall within one of the exceptions set forth in the regulation. They contend that the above-mentioned teachers’ strike constitutes "other such circumstances” which should be deemed acceptable as the reason for their failure to enter interscholastic football during their senior year at high school. In sum, the petitioners contend that the regulation in question obviously envisages a situation wherein a senior high school athlete will be attending school for more than eight consecu *470 tive semesters after his or her entry into the ninth grade and that the regulation is not concerned with the reason the pupil is still in school beyond eight semesters but only with why the pupil did not compete in athletics during an earlier year’s attendance.
While there is a degree of logic to that argument, the respondents have the primary responsibility of interpreting the above-quoted regulation in a particular situation and unless the court is able to characterize their determination as "arbitrary” or "capricious” it may not overturn their determination. After due consideration, the court is of the opinion that the respondents’ interpretation of the regulation in the situation here presented cannot be classified as either an arbitrary or capricious one.
In refusing to grant the petitioners the right to participate any further in varsity interscholastic football competition they pointed out that: "If these students were approved for participation beyond their original graduation date and beyond the eight consecutive semesters of participation, there would be no rationale for denying a similar request to the perhaps hundreds of other boy and girl athletes in the Levittown School District who were in grades 9 through 12 during the fall of 1978 and who might not have met graduation requirements at the prescribed time. We believe that this might also create an untenable and unfair situation for the schools which would compete against Levittown teams.”
The respondents have a responsibility to all member schools and to each student athlete in this county. In endeavoring to discharge that responsibility they have offered the above-quoted reason for their action in petitioners’ case. Certainly, the respondents are justified in their concern that there would be an adverse impact on athletics in general in this county if an exception to the regulation were to be made for the benefit of the petitioners herein and a precedent thereby established.
Moreover, the awarding of an extension of eligibility to petitioners might well be deemed a reward for academic failure. Undoubtedly, there were other football players who were similarly unable to participate in interscholastic competition during the 1978 season but who, nevertheless, graduated with their class in June, 1979. Why, then, should petitioners, by reason of their scholastic deficiencies, be granted that which their former classmates and teammates did not enjoy? And, why, because of their academic deficiencies should *471 they be able to compete with younger, less developed students?
Indeed, it has been pointed out by respondents that the request for petitioners’ extended eligibility was made by the principal of Levittown Memorial High School on March 27, 1979, "long before students knew if they were going to fail or pass their necessary courses for graduation.”
As respondents state: "Even if they did not purposefully fail, it is obvius that the boys and others must have considered this situation carefully. Otherwise why was a request made before the fact?” In their papers on this application, the petitioners have elected not to answer that pertinent question.
The court fully agrees with the respondents that it is unfortunate that fine young men are placed in this situation where they were denied one year’s participation in football because of a strike and that it is most lamentable that the strike occurred and disrupted the students’ education.
However, even though the court deeply regrets that petitioners were thereby deprived of participation in interscholastic football competition during the 1978 season, it cannot hold that respondents’ action on petitioners’ application for extended eligibility is, in effect, lacking in rationality. On the contrary, the court agrees with respondents that their "responsibility to all member schools and to each student athlete in * * * [this] county has been * * * discharged with integrity by * * * [them].”
The petition is dismissed.