This appeal and the related petition arise from a decision rendered by the trial court in which the plaintiff, William Bryant Medders, was declared eligible to play in the 1984-85 high school football season. We reverse.
The trial judge made the following findings of fact:
 "1. Plaintiff, William Bryant Medders, a minor, was born on September 24, 1966, and is currently a student at Bibb County High School in Centreville, Alabama, and will enter the 12th grade during the school year 1984-85.
 "2. Plaintiff entered the ninth grade at Bibb County High School in August 1981. Plaintiff was voluntarily held back and repeated the eighth grade in 1980-81, although he had successfully completed and passed all of his eighth grade subjects during the school year 1979-80 and was thereupon eligible to advance to the ninth grade. Plaintiff participated in junior high interscholastic athletics during the school year 1979-80, his first year in eighth grade, but did not participate in 1980-81 because he was ineligible under the rules of the Alabama High School Athletic Association since he voluntarily elected to repeat the eighth grade.
 "3. Plaintiff participated in varsity athletics at Bibb County High School during the school years of 1981-82; 1982-83; 1983-84, and not before.
 "4. The defendant, by its 3rd District Athletic Board, ruled the plaintiff ineligible to participate in inter-school athletics during his senior year at Bibb County High School which would be academic year 1984-85.
 "5. The decision of the 3rd District Athletic Board was appealed to the defendant's Central Board of Control, and a hearing was held on April 2, 1984, at which hearing the Central Board upheld the District Board's ruling.
 "6. The defendant's decision was based upon its By-laws, specifically Rule I, Section 4, which reads as follows:
 "`Section 4. (a) No pupil shall take part in inter-high school athletic contests for more than six years or more than six seasons in any one sport, after he enters Junior I Class or more than three years or three seasons after he enters Senior I Class. A player who participated in any part of any game in any sport shall be considered as having played one year in that sport.
 "`(b) A pupil becomes ineligible when he has attended any junior or senior high school eight semesters after completing the eighth grade or entering the ninth grade. He can be eligible only four fall semesters and four spring semesters after completing the eighth grade or entering the ninth grade. The last two (7 and 8 of a four year high, 5 and 6 of a senior high, etc.,) semesters must be consecutive. (Attendance of 15 days of any semester shall be regarded as a "semester.") "`NOTE — For athletic purposes a student is classified in the 9th grade when he enrolls in three subjects that are of 9th grade level or above; also, when an 8th grade student establishes eligibility for a succeeding year he shall be classified in the 9th grade.
 "`A pupil is considered a Senior High School pupil when he has acquired credit on school records for two and one-half or more units.' Handbook, Alabama High School Athletic Association, Rule I, Section 4, page 69 (1979-80 edition).'"
 "The parties stipulated and agreed that for the purposes of this dispute the only part of the foregoing rule [that] would be considered is that portion thereof set forth as follows:
 "`(b) A pupil becomes ineligible when he has attended any junior or senior high school eight semesters after completing *Page 286 
the eighth grade or entering the ninth grade. He can be eligible only four fall semesters and four spring semesters after completing the eighth grade or entering the ninth grade.'"
The Alabama High School Athletic Association (AHSAA) is an association of high schools in the state which is "primarily concerned with proper controls and strict regulations of athletic activities" of member schools. See, Handbook, Alabama High School Athletic Association (1979-1980, p. 9.). As we recently stated, "the burden on the challenger to overcome the presumption favoring the association's absolute authority in the conduct of its own affairs is a heavy one." Alabama HighSchool Athletic Association v. Rose, 446 So.2d 1 (Ala. 1984). Thus, normally a court in this state has no jurisdiction to resolve disputes regarding eligibility under the rules of the AHSAA. The association itself, as the autonomous regulator of high school athletic activities, is the proper authority for resolving such disputes.
We delineated in Scott v. Kilpatrick, 286 Ala. 129,237 So.2d 652 (1970), the very narrow grounds on which a court should assume jurisdiction in a case such as this:
 "If officials of a school desire to associate with other schools and prescribe conditions of eligibility for students who are to become members of the school's athletic teams, and the member schools vest final enforcement of the association's rules in boards of control, then a court should not interfere in such internal operation of the affairs of the association. See Tennessee Secondary School Athletic Association, et al. v. Cox, et al., Tenn., [221 Tenn. 164] 425 S.W.2d 597 [1968]; Morrison v. Roberts, 183 Okla. 359, 82 P.2d 1023 [1938]; Robinson v. Illinois High School Association, 45 Ill. App.2d 277, 195 N.E.2d 38 [1963]; State ex rel. Ohio High School Athletic Association v. Judges of the Court of Common Pleas, 173 Ohio St. 239, 181 N.E.2d 261 [1962]; Sult v. Gilbert, 148 Fla. 31, 3 So.2d 729 [1941]; State ex rel. Indiana High School Athletic Association v. Lawrence Circuit Court, 240 Ind. 114, 162 N.E.2d 250
[1959]; Starkey v. Board of Education of Davis County School District, 14 Utah 2d 227, 381 P.2d 718 [1963].
 "Of course, if the acts of an association are the result of fraud, lack of jurisdiction, collusion, or arbitrariness, the courts will intervene to protect an injured [party's] rights. See 6 Am.Jur.2d., Associations and Clubs, Sec. 27, p. 453."
286 Ala. at 132-33, 237 So.2d at 655.
More recently, in Alabama High School Athletic Association v.Rose, supra, we elaborated on the rule announced in Kilpatrick
and again stressed the limited circumstances under which a court may review the actions of the AHSAA. There, the trial court, after a hearing on a complaint alleging fraud and collusion, had made an express finding of collusion on the part of the director of the AHSAA and members of the 6th District. Jurisdiction of the court to intervene was affirmed only because of the express finding of fraud and collusion. The Court stated:
 "Likewise, as Kilpatrick and Kubiszyn v. Alabama High School Athletic Ass'n, 374 So.2d 256 (Ala. 1979), indicate, the burden on the challenger to overcome the presumption favoring the Association's absolute authority in the conduct of its own affairs is a heavy one. We reaffirm the Kilpatrick test to the effect that the Court's jurisdiction in such matters is invoked when, and only when, the averments of fraud, collusion, or arbitrariness are supported by clear and convincing evidence; and the trial court's acceptance of jurisdiction will be affirmed only where its order makes an unequivocal factual finding of one or more of those narrow, restrictive grounds, founded upon clear and convincing evidence."
446 So.2d at 5.
This student has not carried the burden set out in Rose. He argues, and we agree, that the rule is susceptible of two interpretations, as the trial court observed. However, the evidence showed that it has *Page 287 
been in effect for 35 years and has been interpreted the same way for that period of time. This falls far short of fraud, collusion, or arbitrariness — the prerequisites for court intervention in these matters. In fact, the trial court expressly found that the AHSAA did not act fraudulently or capriciously. That court having so found, the complaint should have been dismissed, since ambiguity in the rule of the AHSAA does not of itself permit court intervention.
We agree, as the Association argues, that the so-called "eight-semester rule" has a laudable purpose:
 "The eight semester rule is for the purpose of keeping people from redshirting students in the eighth grade. At the eighth grade level people begin to determine the future of the athletic ability of students. And the eight semester rule was put in there to prohibit holding kids back in the eighth grade so that they'd have another year of maturity and therefore would be able to perform better when they are older."
In this case, the student repeated the eighth grade in 1980-81, after successfully academically completing such grade in the 1979-80 school year. He passed all the eighth grade subjects the first year he took them and took the same subjects the next year and, of course, again passed them. This clearly violated the eight-semester rule as it has been applied by the AHSAA for 35 years. Therefore, the trial court should have dismissed the complaint.
An amicus curiae brief has been filed on behalf of another student, Bryan Hendrix, who has also been declared ineligible under the same rule involved here. He too was "held back" voluntarily and repeated the eighth grade, as did Medders. Therefore, the AHSAA was authorized to declare him ineligible under the eight-semester rule and, absent clear and convincing evidence of fraud, collusion, or arbitrariness, which was not produced, there is no judicial authority to intervene.
In light of our decision as to the appeal in Case 83-1160, we dismiss the petition for writ of mandamus as moot.
83-1160, REVERSED AND RENDERED.
83-1161, PETITION DISMISSED.
All the Justices concur.