757 P.2d 1059

**Matthew CLAY, Plaintiff/Appellee,**

**v.**

**The ARIZONA INTERSCHOLASTIC AS-SOCIATION, INC., an Arizona corporation, Defendant/Appellant.**

**No. 2 CA–CV 87–0343.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 21, 1988.

Review Granted June 21, 1988.

Mesch, Clark & Rothschild by Douglas H. Clark, Tucson, for plaintiff/appellee.

DeConcini, McDonald, Brammer, Yetwin, Lacy & Zimmerman by John C. Richardson, Tucson, for defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

Matthew Clay dropped out of high school in his sophomore year because of drug abuse. Thereafter, he was incarcerated in a juvenile institution for burglary. The burglary was committed to obtain money for drugs. When released from the institution, Clay returned to high school where he played on the basketball team. In October 1987 he petitioned defendant Arizona Interscholastic Association, Inc. for an additional year of eligibility under a rule permitting such where the following conditions have been met:

1. A student or a member of the student's immediate family has a disabling illness or injury and the student has been unable to attend school because of said illness or injury for more than one half of the block credit grading period.

2. The student was meeting academic eligibility requirements at the conclusion of the last semester preceding the disabling illness or injury.

3. The student shall provide documentation to the Executive Board setting out the facts of the case, including a statement from the student's or family member's attending physician. The facts shall also be confirmed by the student's principal or his/her designee, prior to being submitted to the Executive Board.

The Association concluded that Mr. Clay's absence was due to incarceration, not illness, and that no statement from an attending physician had been furnished. Accordingly, additional athletic eligibility was denied. This action followed. The trial court found the Association action arbitrary and capricious and granted a preliminary injunction permitting Clay to continue to play basketball. We reverse.

The standard of review of an action by the Association is whether or not it was arbitrary and capricious. Substantial discretion must be accorded the Association in determining the meaning of its own rules. See generally *Tiffany v. Arizona Interscholastic Association, Inc.*, 151 Ariz. 134, 726 P.2d 231 (App.1986); *Alabama High School Athletic Ass'n v. Medders*, 456 So. 2d 284 (Ala.1984); *Burtt v. Nassau County Athletic Ass'n*, 101 Misc.2d 468, 421 N.Y.S.2d 172 (1979). In this respect, the standard is similar to that applied in the review of administrative agency decisions. See *DeGroot v. Arizona Racing Commission*, 141 Ariz. 331, 686 P.2d 1301 (App. 1984).

We do not believe the Association acted arbitrarily and capriciously in concluding that there is a distinction between

absence because of a disease and absence because of conduct that may be in part caused by the disease. It is a distinction routinely made in the criminal law. *Compare Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968) (may punish public drunkenness by an alcoholic), with *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (may not punish addiction). Just as addiction does not excuse criminal acts even though it may have caused them, neither does it render incarceration preventing school attendance an absence due to disease, even though it may have caused the conduct that caused the incarceration. Given the expansive nature of the concept of "disease," *Powell v. Texas*, supra; Livermore & Meehl, *The Virtues of M'Naghten*, 51 Minn.L.Rev. 789, 826–828 (1967), a holding that incarceration due to disease is an absence because of disabling illness would create a juvenile delinquency exception to the requirement that athletic eligibility extend for only four years after entering high school.

■ We do not believe that the Association acted arbitrarily in construing the phrase "attending physician" to mean a physician who treated the student during the illness that prevented school attendance. That interpretation insures the presentation of eyewitness expert evidence about the effect of the illness on the absence. Once again, it is common in the law to distinguish between a treating physician and one who comes in after the fact to opine on the causes of past behavior. The Association having chosen to interpret its rule in one of two permissible ways, it has not acted arbitrarily.

Because the action of the Association was neither arbitrary nor capricious, the trial court erred in finding a probability of success in plaintiff's action and in granting a preliminary injunction.[1] That injunction is vacated.

FERNANDEZ, J., concurs.

ROLL, Judge, dissenting.

I dissent. The trial court properly granted a preliminary injunction enjoining the Arizona Interscholastic Association (AIA) from prohibiting plaintiff/appellee Matthew Clay from playing basketball the 1987–1988 season at Rincon High School.

## FACTS

Matthew Clay started high school in the fall of 1983. He began using cocaine during the summer following his freshman year and his use escalated. Before the end of his sophomore year in the spring of 1985, he dropped out of school. At that time, he was using drugs and alcohol every day.

By the fall of 1985, Matthew was fully immersed in a cycle of lying, stealing, and using drugs. He was involved in a burglary in November of 1985 in order to repay a drug debt and obtain more drugs to support his addictions. Following his arrest and conviction, the juvenile court judge gave Matthew the option of being placed on supervised probation or being incarcerated in the Catalina Mountain School.

In its findings of fact, the trial court stated:

> The evidence presented was that after a finding of delinquency was made by the Juvenile Court as to Matthew Clay, *Matthew Clay* was given the offer by the court to be placed on a supervised probation program, if he thought this would help him. If he could not be helped by the supervised probation program, his only other alternative was to be placed in Catalina Mountain School and *opted to go to Catalina Mountain School so that he could adequately deal with his drug addiction and alcohol addiction as he knew he could not do it alone on a*

---

1. With respect to the dissent, we make the following observations. Whether incarceration for burglary can ever be considered a voluntary drug treatment program seems doubtful. Even if it could, no evidence that Mr. Clay voluntarily chose to be incarcerated was ever presented to the Association. How, therefore, the Association behaved arbitrarily in failing to consider that which it did not know escapes us.

*supervised probation program.* (Emphasis added.)

Matthew underwent extensive rehabilitation during his nine-month period of incarceration at Catalina Mountain School. He did not attend Rincon High School and did not play basketball from September of 1985 through August of 1986.

Matthew testified at the hearing regarding the preliminary injunction:

> [T]he time at Catalina [Mountain School] was a time for me to realize what I was going to do with myself. And it was a time for me to take some time out and see where my life was going and where I wanted it to go.

While at Catalina Mountain School, he joined Alcoholics Anonymous and Narcotics Anonymous. He received counselling and participated in value clarification and self-esteem groups.

In the fall of 1986, Matthew once again enrolled at Rincon High School. He received good grades, did not use drugs, was in no trouble with the law, and played basketball during the 1986–1987 season. His progress has continued and, before the commencement of the 1987–1988 season, he asked the AIA to grant him an exception, pursuant to Rule IV(B), AIA Constitution and Bylaws, to the general rule that restricts high school athletes to eight consecutive semesters of interscholastic athletic competition. His request was denied. If an exception is granted, Matthew will only have competed in basketball for eight semesters, although they will not be consecutive.

## AIA ELIGIBILITY

Pursuant to AIA Rule IV(B), a student athlete will be considered for an exception to the eight consecutive semester rule if the student makes a three-prong threshold showing. The three requirements are set forth in the majority opinion.

One of the three requirements for the granting of an exception is that the student athlete was unable to attend school because of illness or injury. The AIA stipulated that drug and alcohol dependency is a disabling illness. When Matthew was given the option of being placed on intensive probation or being incarcerated in a setting where he would have the opportunity to undergo addiction rehabilitation, he chose incarceration. The trial court concluded that Matthew's drug and alcohol addiction prevented him from attending school during the 1985–1986 school year.

A second prong of the AIA test is that the student athlete must have been meeting academic eligibility requirements at the conclusion of the last semester preceding the disabling illness or injury. A Rincon High School official testified that Matthew received passing grades his last full semester. Accordingly, evidence before the trial court established that Matthew met academic eligibility requirements, and the trial court so found.

The third requirement to qualify for an exception is that the student athlete must provide documentation from an attending physician setting out the facts of the case. Like many addicts, Matthew Clay was not undergoing treatment or therapy during the period of time when he was actively addicted to drugs and alcohol. However, documentation was supplied by physicians who examined Matthew Clay and reviewed his records. These physicians concluded that Matthew Clay indeed did have a disabling illness during the 1985–1986 school year, and the trial court so found.

## TRIAL COURT FINDINGS AND REVIEW OF THOSE FINDINGS

Following the evidentiary hearing, the trial court concluded that Matthew met the three requirements of Rule IV(B) and that the AIA had acted arbitrarily and capriciously in concluding otherwise. I would uphold the trial court's determinations. Division One of this court has reviewed AIA rulings with the same standard of review applied to state administrative action. *Tiffany v. Arizona Interscholastic Association, Inc.*, 151 Ariz. 134, 726 P.2d 231 (App. 1986). That standard of review requires that an agency's decision should be disturbed only if there is no substantial evi-

dence to support it. *DeGroot v. Arizona Racing Commission*, 141 Ariz. 331, 686 P.2d 1301 (App.1984). However, the requirements of our administrative procedure statute, A.R.S. § 41–1001, et seq., have not been imposed on the AIA executive board. Significant protections normally afforded the parties are missing from AIA hearings. I question the propriety of applying this standard of review to AIA action, although I believe that the trial court ruled correctly even applying this standard of review.

## PRELIMINARY INJUNCTION

In deciding whether to grant a preliminary injunction, the trial court must consider whether there is a strong likelihood of success on the merits by the plaintiff, irreparable injury to the plaintiff if the preliminary relief is not granted, and a balance of hardships favoring the plaintiff. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir.1980).

The superior court, in considering whether to grant the preliminary injunction, was not restricted to consideration of the evidence presented at the administrative hearing. The request for issuance of a preliminary injunction arose from a complaint and special action filed by Matthew following the ruling of the AIA denying him an exception. The trial court properly conducted an evidentiary hearing at which both sides presented evidence in addition to that presented at the administrative hearing. Such a procedure was undoubtedly necessitated by the absence of a record of testimony before the AIA. The trial court correctly concluded that a preliminary injunction should issue.

## DISCRETION

Once the three-prong requirements of Rule IV(B) are satisfied, the AIA has discretion to grant an exception to the general rule of eight consecutive semesters of eligibility. Substantial evidence was presented on behalf of Matthew Clay that the AIA should exercise its discretion by granting Matthew an exception.

Matthew's mother was killed in an automobile accident when he was 18–months old. After starting high school, his father ordered Matthew to move out of the family residence. His father surrendered responsibility for Matthew to his grandparents, in large part because of Matthew's drug and alcohol use and because of his behavioral problems. During Matthew's first two years at Rincon High School he was placed in special education classes. He had been in these classes all of his life. Eventually he became addicted to both drugs and alcohol.

Upon returning to Rincon High School from Catalina Mountain School, for the first time in his life he was enrolled in regular classes. He now participates in school programs counselling other youths regarding alcohol and substance abuse.

In the fall of 1987, Thomas C. Patrick, the principal of Rincon High School, wrote to the A.I.A. on behalf of Matthew's request for an exception. Mr. Patrick describes Matthew as an "outstanding student leader" and "an excellent role model for our students." The principal states that it is a "special privilege" to know Matthew and said he would be "forever grateful" to Matthew "for rebuilding his life in the eyes of other troubled youth ..."

In the AIA's reply brief, counsel states:

The AIA congratulates Matthew Clay for the efforts he has taken to straighten out his life and acknowledges that he is today an outstanding young man who has overcome many obstacles.

In its findings of fact, the trial court stated:

His rehabilitation has been accompanied by significant positive behavioral and attitude changes. Since his release he has remained drug and alcohol free, and has become a role model not only in his own behavior but in participating in programs to assist others with the same problems that he had.

Matthew's family income is very low, he will be unable to attend college unless he receives a basketball scholarship, and a scholarship is highly improbable unless he

is able to compete in the 1987–1988 basketball season, his final year of high school.

Rule IV(B), unlike our criminal code, is not punitive in nature. Matthew Clay has already been punished under our criminal code for his burglary. Although these various factors appear to overwhelmingly require that the AIA exercise its discretion and grant Matthew an exception, the AIA Constitution and Bylaws vest with the AIA the opportunity to exercise this discretion. Of course, the arbitrary and capricious exercise of this discretion would be subject to further review by the judiciary.

**CONCLUSION**

For all of the above-stated reasons, I would affirm the trial court's granting of a preliminary injunction but remand this matter to the AIA for a determination in compliance with Rule IV(B) as to whether Matthew Clay, having satisfied the three-prong requirement for eligibility, will receive an exception.