779 P.2d 349

Matthew CLAY, Plaintiff/Appellee,

v.

**ARIZONA INTERSCHOLASTIC ASSO-CIATION, INC., an Arizona corporation, Defendant/Appellant.**

**No. CV–88–0113–PR.**

Supreme Court of Arizona,
En Banc.

June 27, 1989.

Reconsideration Denied Sept. 19, 1989.

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr., Jonathan Rothschild, Tucson, for plaintiff/appellee.

DeConcini McDonald Brammer Yetwin & Lacy, P.C. by John C. Richardson, Tucson, for defendant/appellant.

## OPINION

MOELLER, Justice.

### JURISDICTION AND ISSUE

This case presents the issue of whether the trial court abused its discretion by granting a preliminary injunction. The trial court concluded, based on an evidentiary hearing, that the Arizona Interscholastic Association (AIA) acted arbitrarily and capriciously in denying Matthew Clay's petition for an exception to the AIA's eight-consecutive-semester rule of athletic eligibility. Although the matter has become moot as between the parties because the

basketball season Clay wanted to (and did) participate in is now over, a published court of appeals opinion exists on the matter. 157 Ariz. 350, 757 P.2d 1059. (App.1988). Because we disagree with the court of appeals' analysis and conclusion, we retain jurisdiction and decide this case, rather than dismiss it as moot. *See Southwest Savings and Loan Ass'n v. Mason*, 156 Ariz. 210, 211, 751 P.2d 526, 527 (1988) (exercising discretion to vacate court of appeals opinion despite parties reaching settlement after review was granted). We have jurisdiction pursuant to article 6, § 5(3) of the Arizona Constitution and Rule 23 of the Arizona Rules of Civil Appellate Procedure.

### FACTS

Matthew Clay began attending Rincon High School in Tucson in 1983. He was a member of the basketball team. He became dependent on alcohol, cocaine, and marijuana during his sophomore year. He dropped out of high school after the basketball season that year and fled to California in hopes of escaping a drug-related debt. Clay eventually returned to Tucson where he committed a burglary to satisfy drug debts. Ultimately, he confessed to the burglary and the court gave him the choice of incarceration or intensive probation; he chose incarceration because he felt that was the only way for him to gain control of his problems.

While incarcerated at Catalina Mountain School, Clay underwent extensive rehabilitation and participated in many support groups. Upon his release, he returned to Rincon High School, achieved good grades, and did not use drugs. He once again joined the basketball team and participated in many extra-curricular activities designed to prevent other students from becoming dependent on alcohol and drugs.

Because Clay had only participated in three seasons of basketball, he sought an exception to the AIA's eight-consecutive-semester rule of athletic eligibility so that he might participate in a fourth season. One reason for desiring a fourth season of eligibility was his hope of receiving a basketball scholarship, which he thought represented his only chance to attend college.

### AIA PROCEDURE

Under AIA rules, Clay was not eligible to participate in another basketball season unless he qualified for an exception pursuant to Rule IV(B) of the AIA Constitution and Bylaws. Rule IV(B) requires a student to meet a three-prong test before the AIA will consider whether to allow an exception to the eight-consecutive-semester rule.

The first prong requires that the student be unable to attend school because of a disabling illness or injury. The second prong, which the AIA agreed Clay met, requires that the student be meeting academic requirements at the conclusion of the last semester preceding the illness. The third prong requires the student to present to the Executive Board of the AIA a statement from his attending physician setting out the facts of the case. If the student meets these three conditions, the Board must then exercise its discretion and decide whether to grant the exception. *See Tiffany v. AIA*, 151 Ariz. 134, 139, 726 P.2d 231, 236 (App.1986).

Clay petitioned the AIA for an exception pursuant to Rule IV(B). The AIA Board denied his petition without reaching the merits for two stated reasons: (1) it concluded that Clay was absent from school because of incarceration, not because of a disabling illness; and (2) it did not consider either of the two medical reports he submitted to be a statement from an "attending physician" within the meaning of Rule IV(B). The AIA readily admitted that it did not reach the merits of Clay's petition because it believed he did not meet the three-prong threshold test, which is a precondition to the AIA's exercise of discretion. Clay filed a complaint in superior court and applied for a temporary injunction permitting him to participate in the basketball season.

### TRIAL COURT RULING

After an evidentiary hearing, the trial court found that the AIA had acted arbi-

trarily and capriciously in concluding that Clay failed to meet the first and third conditions of Rule IV(B). The trial court found that, although Clay was detained due to criminal behavior, his conduct was attributable to his dependence on alcohol, cocaine, and marijuana, which the AIA conceded was a disabling illness. The court further found that the AIA Constitution and Bylaws should not be held to limit the definition of an "attending physician" to that of a bedside doctor. Therefore, the trial court concluded the AIA had erred by failing to consider the two medical reports submitted by Clay.

The trial court also found that Clay's mother had been killed when he was an infant, that his father had refused to support him after his involvement with drugs and alcohol, and that neither Clay nor his grandparents with whom he resided had funds with which to provide him a college education. The trial court found there was a "genuine possibility" of Clay getting a college basketball scholarship if he could play a fourth season in high school and that it was doubtful he would be able to get such a scholarship without the fourth-year experience. Weighing all the various factors, the trial court concluded that Clay had made the requisite showing concerning irreparable injury and probability of success on the merits so as to be entitled to a temporary injunction.

## COURT OF APPEALS' DECISION

·The AIA appealed. The court of appeals reversed, holding that the AIA had not acted arbitrarily and capriciously by concluding that (1) absence caused by an illness was something other than absence caused by conduct which was, in turn, caused by an illness; and (2) the reports of the doctors did not qualify as reports of "attending physicians" because the doctors had not treated Clay during his incarceration. The majority of the court of appeals held that the trial court had substituted its discretion for that of the AIA. Judge Roll dissented. He concluded that the trial court correctly determined that Clay met the three-prong test, the AIA had failed to

exercise its discretion, and the preliminary injunction was properly issued. Judge Roll felt the facts overwhelmingly supported granting an exception to Clay on the merits; however, he would have remanded the case to the AIA to exercise its discretion, in the first instance, as to whether Clay should receive the exception.

## REVIEW

 We begin our review of this case with the principle of administrative law that an agency must follow its own rules and regulations; to do otherwise is unlawful. *Tiffany*, 151 Ariz. at 139, 726 P.2d at 236 (citing *Gibbons v. Arizona Corporation Commission*, 95 Ariz. 343, 390 P.2d 582 (1964)); *see also* B. Schwartz, *Administrative Law* § 5.2 at 204 (2d ed. 1984). For purposes of judicial review, the AIA has been treated as an administrative agency. *See Tiffany*, 151 Ariz. at 139, 726 P.2d at 236. In his dissent, Judge Roll questioned whether it was appropriate to do so. Like him, we find it unnecessary to decide that issue, because even under the standards of the Administrative Procedure Act, A.R.S. § 41–1001, *et seq.*, the trial court could properly make the findings it did make. The standard by which the trial court reviews a decision by the AIA, or any administrative agency, is whether its actions are arbitrary and capricious. *See De-Groot v. Arizona Racing Comm'n*, 141 Ariz. 331, 686 P.2d 1301 (App.1984). In evaluating the actions of the trial court, a reviewing court should only reverse a decision to grant a preliminary injunction if the appealing party demonstrates a clear abuse of discretion. *Financial Associates, Inc. v. Hub Properties, Inc.*, 143 Ariz. 543, 694 P.2d 831 (App.1984).

 We agree with Judge Roll's dissent. He was persuaded, as was the trial court, that Clay's drug and alcohol dependency caused his absence from school. The AIA Board conceded that Clay was dependent on drugs and alcohol and that this dependency constituted a disabling illness. Nevertheless, the Board held fast to its position that the cause of Clay's absence

was incarceration, not illness. The trial court found as follows:

> The evidence presented was that after a finding of delinquency was made by the Juvenile Court as to Matthew Clay, Matthew Clay was given the offer by the court to be placed on a supervised probation program, if he thought this would help him. If he could not be helped by the supervised probation program, his only other alternative was to be placed in Catalina Mountain School and opted to go to Catalina Mountain School so that he could adequately deal with his drug addiction and alcohol addiction as he knew he could not do it alone on a supervised probation program.

The record supports this finding.

No physician treated Clay during his incarceration; however, Clay submitted to the AIA medical reports of his condition and of his illness. The AIA refused to consider the medical reports because the physicians had not treated Clay while he was at the Catalina Mountain School and, therefore, were not "attending physicians" within the meaning of the AIA rule. We agree with the trial court that the Board's failure even to consider these reports was arbitrary and capricious. These reports clearly showed that Clay suffered from a disabling illness during the applicable time period.

We have reviewed all the trial court's findings of fact and find them all to be supported by the record. We find nothing in the record showing that the trial court abused its discretion when it granted the preliminary injunction.

## DISPOSITION

The trial court's preliminary injunction is affirmed. The court of appeals' opinion is vacated. Because the matter is moot as between the parties, we do not remand.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

Justice WILLIAM A. HOLOHAN participated in this matter but retired prior to the filing of this opinion. Justice ROBERT J.

CORCORAN did not participate in the determination of this matter.