Mitchell Marshall appeals from a judgment dismissing his complaint for injunctive relief against the Alabama High School Athletic Association ("AHSAA") and Montgomery Academy ("the Academy"). We affirm.
Marshall's son played in a high school football game on November 21, 1997, for the Academy against Red Level High School. At the conclusion of this game, as one of the referees was leaving the field, someone approached the referee and struck him in the face with a fist. As a result of this incident, the executive director of the AHSAA sent a letter to the Academy on November 24, directing it to identify the person who had struck the referee; the Academy responded by naming Marshall. The executive director then assessed the Academy a $1,000 fine, placed it on probation for one year, and directed that the Academy "shall not participate in an interscholastic athletic contest for the remainder of the 1997-98 school year in which . . . Marshall is in attendance." On November 25, after a meeting of its board of directors, the Academy's headmaster accepted the sanctions imposed, noting that "Marshall has committed voluntarily to comply with this injunction."
However, on November 26, 1997, two days before the Academy's next scheduled football *Page 405 
game, Marshall sued the AHSAA and the Academy, seeking temporary, preliminary, and permanent injunctive relief to prevent the AHSAA and the Academy from enforcing those sanctions mandated by the AHSAA preventing the Academy from participating in sports events at which Marshall was in attendance. The trial court denied Marshall's requests for a temporary restraining order and a preliminary injunction on November 28, 1997. After an ore tenus proceeding, the trial court entered a judgment denying injunctive relief.
Marshall appealed the trial court's judgment to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
In its six-page judgment, the trial court concluded that "[t]he law in the State of Alabama is clear that courts should not interfere with the internal operations of the [AHSAA] unless its actions are the result of fraud, lack of jurisdiction, collusion or arbitrariness," citing Alabama HighSchool Athletic Ass'n v. Medders, 456 So.2d 284 (Ala. 1984).Medders does indeed support that proposition:
 "The [AHSAA] is an association of high schools in the state which is 'primarily concerned with proper controls and strict regulations of athletic activities' of member schools. . . . As we recently stated, 'the burden on the challenger to overcome the presumption favoring the association's absolute authority in the conduct of its own affairs is a heavy one.' Alabama High School Athletic Association v. Rose, 446 So.2d 1
(Ala. 1984). . . .
 "We delineated in Scott v. Kilpatrick, 286 Ala. 129, 237 So.2d 652 (1970), the very narrow grounds on which a court should assume jurisdiction in a case such as this:
 " 'If officials of a school desire to associate with other schools and prescribe conditions of eligibility for students who are to become members of the school's athletic teams, and the member schools vest final enforcement of the association's rules in boards of control, then a court should not interfere in such internal operation of the affairs of the association. . . .
 " 'Of course, if the acts of an association are the result of fraud, lack of jurisdiction, collusion, or arbitrariness, the courts will intervene to protect an injured [party's] rights. See 6 Am.Jur.2d, Associations and Clubs, Sec. 27, p. 453.'
286 Ala. at 132-33, 237 So.2d at 655.
 "More recently, in Alabama High School Athletic Association v. Rose, supra, we elaborated on the rule announced in Kilpatrick and again stressed the limited circumstances under which a court may review the actions of the AHSAA. There, the trial court, after a hearing on a complaint alleging fraud and collusion, had made an express finding of collusion on the part of the director of the AHSAA and members of the 6th District. Jurisdiction of the court to intervene was affirmed only because of the express finding of fraud and collusion. The Court stated:
 " 'Likewise, as Kilpatrick and Kubiszyn v. Alabama High School Athletic Ass'n, 374 So.2d 256
(Ala. 1979), indicate, the burden on the challenger to overcome the presumption favoring the Association's absolute authority in the conduct of its own affairs is a heavy one. We reaffirm the Kilpatrick test to the effect that the Court's jurisdiction in such matters is invoked when, and only when, the averments of fraud, collusion, or arbitrariness are supported by clear and convincing evidence; and the trial court's acceptance of jurisdiction will be affirmed only where its order makes an unequivocal factual finding of one or more of those narrow, restrictive grounds, founded upon clear and convincing evidence.'
"446 So.2d at 5."
Medders, 456 So.2d at 286 (emphasis added).
On appeal, Marshall does not contend that the sanctions imposed upon the Academy by AHSAA are the products of fraud or collusion.[1] Instead, he contends that the AHSAA *Page 406 
constitution and bylaws do not authorize the AHSAA to prevent the Academy from participating in athletic contests at which Marshall is in attendance, and that that sanction is arbitrary and within the trial court's jurisdiction to enjoin.
Under Articles IV and VIII of the AHSAA's constitution, its executive director is empowered to act on behalf of the AHSAA's "central board of control" and its "district board of managers" and it may discharge the duties of enforcement of the AHSAA constitution and bylaws. Moreover, Article X of the AHSAA constitution specifically provides that "a school may be charged with violating the laws of the [AHSAA] or with unsportsmanlike conduct," that the AHSAA "may take action in a case without receiving a formal complaint," and that "the Executive Director has the authority to act on any case which needs immediate action." While a note to Article VII of the AHSAA constitution indicates that the central board has adopted a schedule of punishments, including a minimum fine of $500 and probation for "physical abuse" of officials, there is no indication in the note that these penalties are exclusive or that "probation" may not include a stipulation that a team not play contests while a fan found to have committed unsportsmanlike conduct is in attendance. Thus, we reject Marshall's contention that the AHSAA was without jurisdiction to prevent the Academy from competing in athletic events at which he was in attendance.
Neither do we agree with Marshall that the AHSAA's penalty was arbitrary. As this court has stated, "a decision cannot be said to be 'arbitrary' when there is a reasonable justification for the decision or where the determination is founded upon adequate principles or fixed standards." Alabama Dep't ofPublic Health v. Perkins, 469 So.2d 651, 652 (Ala.Civ.App. 1985). There was evidence before the trial court that in similar situations over the past 15 years where a fan of a member school has assaulted a game official, the AHSAA has directed the school to remove its team from the playing field of a contest if that fan is in attendance at the contest. Moreover, the AHSAA has published notices of its issuance of such sanctions on at least three occasions in its official bulletin sent to member schools. Finally, Marshall testified that he thought it was "all right" for him to hit the referee and that he would do it again under the same circumstances. Thus, it cannot be said that the sanctions imposed by the AHSAA upon the Academy were not issued according to fixed standards, or that there was no reasonable justification for them.
Marshall failed to adduce "clear and convincing evidence" tending to demonstrate that the AHSAA's sanctions against the Academy were a product of "fraud, collusion, or arbitrariness," as required by Medders. The trial court thus correctly determined that it had no jurisdiction to enjoin the sanctions against the Academy, and its judgment denying injunctive relief and dismissing Marshall's complaint is due to be affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] The trial court specifically found that there was no collusion between the AHSAA and the Academy.