PER CURIAM.
On November 10, 2016, the Alabama High School Athletic Association (“the Association”) and its executive director, Steven P. Savarese, filed petitions for a writ of mandamus'challenging certain conflicting ord'ers issued 'by the Geneva Circuit Court and the Washington Circuit ■ Court. On Novétober 14, 2016, this Court issued an order granting the petitions and issuing the writs. In that order, -this Court upheld a decision of the Association and declared the orders of the two circuit courts to be void. That order also stated that an opinion of this Court would follow at a later date.
A.J.K. is a student at., Washington County High School, located in Washington County, and he played high-school football for the school during the 2016-2017 school year. During the high-school football playoffs, the. Association determined. that A.J.K. was ineligible to participate on the football team, and, because A.J.K. had participated for the school as an ineligible player, the Association removed the school from the playoffs. At the request of interested persons and entities, the Associátion’s décision was reviewed in both the Geneva Circuit Court *1102 and the Washington ■ Circuit Court.[1] The Geneva Circuit Court issued an order directing that the Association’s decision be enforced, but the Washington Circuit Court issued an order-reversing the Association’s decision and prohibiting the Association from removing ‘Washington County High School from the playoffs. The Association and Savarese then filed petitions for writs of mandamus in this Court, arguing that both the Geneva Circuit Court and the Washington Circuit Court had improperly asserted jurisdiction and asking this Court to declare void the orders of those courts.
In Scott v. Kilpatrick, 286 Ala. 129, 132-33, 237 So.2d 652, 655 (1970), this Court stated:
“If officials of a school desire to associate with other schools and prescribe conditions of. eligibility for students who are to become members of the school’s athletic teams, and the member schools vest final enforcement of the association’s rules in boards of control, then a court should not interfere in such internal operation of the affairs of the association .
“Of course, -if the acts of an association are the result of fraud, lack of jurisdiction, collusion, or arbitrariness, the courts will intervene to protect an injured parity’s] rights.”
In Alabama High School Athletic Ass’n v. Rose, 446 So.2d 1, 5 (Ala. 1984), this Court further stated:
“[A]s Kilpatrick and Kubiszyn [v. Alabama High School Athletic Ass’n, 374 So.2d 256 (Ala. 1979),] indicate, the burden on the challenger to overcome the presumption favoring the Association’s absolute authority in the conduct of its own affairs is a heavy one. We reaffirm the Kilpatrick test to the effect that the Court’s jurisdiction in such matters is invoked when, and only when, the aver-ments of fraud, collusion, or arbitrariness are supported by clear and convincing evidence; and the trial court’s acceptance of jurisdiction will be affirmed only where its order makes an unequivocal factual finding of one or more of those narrow, restrictive grounds, founded upon clear and convincing evidence.”
In this case, the requirements needed for the Geneva Circuit Court and the Washington Circuit Court to properly exercise jurisdiction simply were not present. Because of the nature of the relief sought and the impending high-school football playoffs, this Court on November 14, 2016, issued an order declaring the orders of both circuit courts void and upholding the Association’s decision removing Washington County High School from the playoffs, and the playoffs proceeded accordingly.
1160121—PETITION GRANTED AND WRIT ISSUED BY ORDER DATED NOVEMBER 14, 2016.
1160125—PETITION GRANTED AND WRIT ISSUED BY ORDER DATED NOVEMBER 14, 2016.
Stuart and Wise, JJ., concur.
Parker, J., concurs in part and concurs in the result in part. ■
Shaw, Main, and Bryan, JJ., concur in the result,
Bolin and Murdock, JJ., dissent.

. The. Geneva County Board of Education and the Elba City Board of Education. sought a temporary restraining order requiring the Association to enforce its rules and regulations. Erica L. Pogue and the Washington County Board of Education sought to overturn the Association's decision.