MURDOCK, Justice
(dissenting).
I respectfully dissent for at least two reasons. First, I believe that a circuit court, as the court of general jurisdiction in this state, has jurisdiction to consider challenges to actions of the Alabama High School Athletic Association (“the Association”). Indeed, as noted in the excerpts from Scott v. Kilpatrick, 286 Ala. 129, 132-33, 237 So.2d 652, 655 (1970), and Alabama High School Athletic Ass’n v. Rose, 446 So.2d 1, 5 (Ala. 1984), quoted in the main opinion,, the circuit court properly may overturn decisions of the Association in cases where there is a showing by clear and convincing evidence of fraud, collusion, lack of jurisdiction by the Association, or arbitrariness.[2]
*1108 • .Second, at the time this Court issued its November 14, 2016, order, I concluded that the trial courts erred as a matter of law under the unique facts of this case in not finding the decision of the Alabama High School Athletic Association to be arbitrary. I remain of that view.
Finally, with the exception of any implied acceptance of the notion that the “jurisdiction” terminology' in Alabama High School Athletic Ass’n v. Medders, 456 So.2d 284 (Ala. 1984), accurately reflects current law, I am sympathetic to the views expressed by Justice Bryan in his special writing.

. I believe that the Court in Alabama High School Athletic Ass'n v. Medders, 456 So.2d 284, 286 (Ala. 1984), necessarily spoke too *1108 “loosely” in referring to a court’s lack of "jurisdiction to resolve disputes regarding eligibility under the rules of the [Association].”