469 P.2d 867

**Richard GERMAN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**June Excavating Company, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 275.**

Court of Appeals of Arizona, Division 1.

Department A.

May 27, 1970.

Rehearing Denied June 25, 1970.
Review Denied Sept. 29, 1970.

Gorey & Ely, by Stephen S. Gorey, and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, The Industrial Commission of Arizona, for respondent.

Robert K. Park, Chief Counsel, by C. A. Edwards, Jr., Phoenix, for respondent Carrier State Compensation Fund.

STEVENS, Judge.

On 13 June 1966 the petitioner, then a 42-year-old pipe layer, was completely buried when a ditch in which he was working caved in.[1] On 28 February 1969 the Commission entered an award, one of the findings being "5. Applicant has no disability attributable to the accepted industrial episode of June 13, 1966." It is this award which has been brought to us for review. This matter is decided under the law as it existed prior to 1 January 1969.

The petitioner received medical care immediately following his injury. We are here concerned with a low back problem claimed to have been aggravated by his industrial experience with an asserted permanent physical functional impairment causally related to the events of 13 June 1966. Dr. Mallow was the petitioner's attending physician.

On 9 August 1966 without a prior formal hearing, the Commission entered its "findings and award for continuing benefits and establishing average monthly wage" wherein it found that the injured workman's average monthly wage was $585.81 and that he "was able to return to employment effective July 17, 1966." The award provided for medical benefits until the injured workman's disability became stationary, for temporary partial disability in the event that a decrease in wages was established and directed that the petitioner make a "sincere, honest and conscientious effort to find and perform work." This award contained a 20-day clause and no action having been taken with reference thereto it became final.

Dr. Mallow's report of 8 November 1966 reports complaint of lower backache and the fact that X rays were taken of the lumbar spine and pelvis. The report states "it was noted that there are arthritic changes of the spine."

On 21 December 1966, the Commission entered an award. No hearing had been conducted prior thereto. One of the findings in this award is as follows:

"6. That the medical evidence reflects that said applicant has no disability resulting from said accident, and the Commission so finds."

A protest was filed together with a request for hearing. Additional reports were filed with the Commission and without a ruling upon the petition for hearing and without a formal hearing, the Commission entered a "record of Commission's action" on 23 August 1967 by which it vacated the 21 December 1966 award. An unsigned copy of a report by Dr. Roth was placed in the file on 14 July 1967. Dr. Roth limits his practice to rheumatology. This particular report was addressed to the petitioner's attorney. The report bears date of 6 April 1967 and is a follow-up subsequent to Dr. Roth's examination of 4 January 1967. The

---

1. The petitioner filed an election to enable him to sue an alleged third-party tort-feasor. For the results of that civil action see German v. Mountain States Telephone & Telegraph Company, 11 Ariz.App. 91, 462 P.2d 108 (1970).

report states in part "[l]ow back examination was not appreciably changed from his original examination. Our feeling is that Mr. German did not have any significant arthritic disease process prior to his injuries he sustained on June 13, 1966. Since that time, his musculoskeletal complaints appear to be directly attributable to the cave-in trauma."

On 12 June 1967 the petitioner was examined by Dr. Fife, an orthopedic specialist. Dr. Fife's report was placed in the file on 15 June 1967 and stated in part:

"He gives no history of previous back injury or illness.

\*    \*    \*    \*    \*    \*

"X-rays of the lumbar spine, AP, lateral, right and left oblique views, reveal marginal proliferation adjacent to the disc spaces throughout the lumbar spine with facet irregularity in the lumbosacral region suggestive of old hypertrophic changes present. None of these appear to be of recent origin and were described as being present in x-rays a few months following the injury.

"COMMENTS: This man undoubtedly has some degenerative changes in his back. It could well be conceivable that the injury which he described could have aggravated these changes to the extent of causing rather extended back disability.

"At the present time it would be my opinion that he is able to carry out a gainful occupation, though he may continue to have moderate stiffness and soreness primarily due to old changes in his back. *I would consider his condition essentially stationary with regards to injury dated June 13, 1966 and would feel that he can return to a gainful occupation. I would also be of the opinion that he has permanent disability to the extent of approximately 15 per cent general physical disability which would be attributable to pre-existing condition rather than injury noted.*" (Emphasis Added).

Dr. Mallow's report of 3· August 1967 states "rapid onset of arthritis—patient should not return to any underground work." As above noted the 21 December 1966 award was vacated on 23 August 1967.

Dr. Mallow's report of 25 August 1967 was filed on 28 August and states in part:

"His condition is stationary. He has degenerative arthritis changes in his spine, especially in the lower back. The injury which he sustained in the cave-in aggravated the arthritis causing this disability. It is my opinion that he can carry on a gainful occupation but he will continue to have moderate stiffness and soreness in his lower back and dorsal spine. I concur with Dr. Fife that his permanent disability is approximately 15% general physical disability."

Again without a formal hearing the Commission entered its "findings and award and order pending determination of earning capacity" on 4 October 1967. We quote four of the findings:

"\*    \*    \*    3. That said personal injury entitles said applicant to accident benefits (medical expenses) through July 31, 1967, for which the Commission has expended the sum of $303.20, and for such other medical benefits reasonably necessary for the treatment of said applicant's industrial injury which may have accrued through the stationary date of July 31, 1967.

"4. That applicant has sustained an unscheduled disability as the result of said accident.

\*    \*    \*    \*    \*    \*

"6. This Commission finds that evidence in the title is insufficient to make an award to determine what effect said applicant's disability has on his earning capacity; therefore this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability.

\*    \*    \*    \*    \*    \*

"8. That pending determination of applicant's loss of earning capacity, if any, the applicant shall be advanced partial

permanent benefits from July 31, 1967, until further order of the Commission, on the basis of not more than 55% of the difference between the average monthly wage and $285.81 per month, or the actual amount earned if in excess of $285.81, such payments to be deductible from any future additional benefits which may ultimately be due said applicant."

There was an order directing the petitioner to continuously seek employment. The order further provided:

"* * *

"IT IS FURTHER ORDERED that this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability.

"IT IS FURTHER ORDERED that said applicant be advanced partial permanent benefits from and after July 31, 1967, until further order of the Commission on the basis of not more than 55% of the difference between the average monthly wage and $285.81 per month, or the actual amount earned if in excess of $285.81, such payments to be deductible from any future additional benefits which may ultimately be due said applicant."

The petitioner filed a timely "petition for hearing" which we quote rather extensively:

"COMES NOW RICHARD S. GERMAN herein and pursuant to Rules 35, 37, and 38, the text of which appears on the reverse hereof, petitions for a hearing on the grounds the Findings and Award, Order or Decision entered on October 4, 1967 is unjust, unlawful and not supported by the evidence, for the following reasons, to wit: Applicant still in need of active medical care and therefore probably entitled to temporary partial compensation because of conditions which are an industrial responsibility as indicated by medical reports already on file.

"This petition is filed to determine entitlement to (a) Total temporary disability __x__ (b) Partial temporary disability _x_ (c) Permanent disability ___; (d) Medical costs _x_ ; (e) Other ___.

"WHEREFORE, it is requested that a time and place be fixed for hearing and that an award be made granting relief as may be indicated and proper under the Workmen's Compensation Act of Arizona."

The respondents now before this Court took no action in relation to the 4 October 1967 award.

The first hearing date was vacated and the hearing was reset. The notice of the hearing is in part as follows:

"* * * 1:15 P.M. on the 19th day of July 1968 THE INDUSTRIAL COMMISSION OF ARIZONA, ROOM— Referee Department at 1616 WEST ADAMS STREET, PHOENIX, ARIZONA, and that at said time and place the Industrial Commission of Arizona will proceed to hear and dispose of all issues presented in the manner described by law.

"NOTE: The parties are expected to submit all issues in controversy for decision at this hearing; therefore, all necessary witnesses, evidence, documents, medical reports, payrolls and other essential proof must be available and ready for submission at the hearing. The above-named Applicant is hereby ORDERED to appear in person and to have present all witnesses necessary to fully present Applicant's case. The above-named Defendant Employer and Defendant Insurance Carrier are hereby NOTIFIED that they may appear and present any testimony necessary to the full presentation of their case.

"Subpoenas for attendance of witnesses will be provided only upon compliance with Rule 35, and where request for same is made at least SEVEN (7) days prior to hearing."

Industrial Commission Rule 38 is as follows:

"38. Grounds for Rehearing Must Be Set Forth:—Such application must be verified on oath, and must set forth specifically and in detail the grounds on which the applicant therefor considers such award or decision to be unjust or unlawful and every issue to be considered by the Commission.

"(a) If the grounds upon which such rehearing is requested are that the evidence does not justify the findings or that the findings do not support the decision or award, the application for rehearing shall state specifically wherein the findings are not supported by evidence, or wherein the decision or award is not justified by the findings.

"(b) Every ground or complaint, or defense, to such award or decision not so specified in such petition shall be deemed fully and finally waived.

"(c) Where the applicant for such rehearing desires to introduce new evidence, the application shall set forth specifically and in detail the nature and substance of the new evidence, with the names and addresses of the witnesses to be produced, the exhibits to be introduced, and a full statement why such evidence, exhibits or testimony could not have been produced prior to the rendering of the award or decision, with the exercise of reasonable diligence. Such offer of new evidence may be disregarded unless this rule is complied with. See: A.R.S. Secs. 23–105, 106, 922 and 23–941 and 23–942."

The petitioner did not cause subpoenas to be issued. The Fund caused subpoenas to be issued for Dr. Roth and for Dr. Fife as well as a subpoena for the petitioner directing him to bring his tax returns.

The hearing was opened by the referee with a brief review and the following statement:

"This hearing is being held for the sole purpose of meeting the statutory requirements to make inquiry relative to earning capacity as ordered by the Commission in its Findings and Award and Order Pending Determination of Earning Capacity of October 4, 1967, and also to consider Applicant's Petition for Hearing filed November 13, 1967."

For reasons not known to his counsel, the petitioner was not present at the hearing. The Fund first reserved the right to call the petitioner for cross examination and later waived that right. The petitioner presented evidence that he was a trainee in LEAP, a part of the OEO Program, a trainee for semi-skilled professional work. The employment opportunities for this work were, according to the evidence, very limited.

Dr. Roth was unable to appear. Dr. Fife testified in conformity with his report expressing the opinion that the back problems of the petitioner had been temporarily aggravated by the industrial incident and that at the time of his June 1967 examination of the petitioner, it was the opinion of the doctor that the petitioner did not sustain any industrially related aggravation or residuals.

Apparently on 13 December 1968, the Claims Manager addressed a memorandum to the referee. We say "apparently" for the reason that the memorandum does not appear in the file although the referee's responsive memorandum of 17 December 1968 does appear in the file. Therein the referee quotes from Dr. Fife's June 1967 report relative to the 15% general physical disability which in the opinion of the doctor was attributable to the pre-existing condition rather than the injury noted. On 23 December 1968 the Commission entered its "record of Commission's action" terminating the "advance permanent compensation" contained in the 4 October 1967 award. A copy of the Commission's action was served. The action did not contain a 20-day clause. No party to the proceedings took any action in relation to the 23 December 1968 document.

The referee, by this time designated a "hearing officer" due to the change in the

law, filed his report on 31 January 1969. Strenuous objections were lodged in relation to the report. It was urged that the hearing was for the limited purpose of determining the petitioner's loss of earning capacity and that that portion of the 4 October 1967 award which found an industrially related permanent partial disability was binding, that portion of the award not having been the subject of a petition for hearing by either party.

On 28 February 1969 the award now in question was entered. The award contained the following:

"Heretofore on October 4, 1967 this Commission entered herein Findings and Award and Order Pending Determination of Earning Capacity.

"Thereafter said applicant filed Petition for Hearing and formal hearing was held before this Commission on July 19, 1968 in Phoenix, Arizona.

"This Commission having reconsidered the file, evidence and testimony now rescinds the Findings and Award and Order Pending Determination of Earning Capacity and enters Decision Upon Hearing and Findings and Award as follows:

### FINDINGS

\* \* \* \* \* \*

"5. Applicant has no disability attributable to the accepted industrial episode of June 13, 1966.

"6. The temporary aggravation of applicant's pre-existing degenerative changes has ceased and his physical condition has returned to the same level as it was prior to June, 1966.

"7. Any disability which applicant has is medically attributable to pre-existing physical conditions rather than the injury of June 13, 1966.

"8. That the medical evidence reflects that said applicant has no physical or mental disability resulting from said accident, and the Commission so finds. \* \* \*."

### AWARD

\* \* \* \* \* \*

"IT IS ORDERED that the Findings and Award and Order Pending Determination of Earning Capacity entered on October 4, 1967, be, and the same is hereby rescinded. \* \* \*."

■ The foregoing rather detailed resume of the file has been placed in this opinion for the purpose of highlighting the basic issue which is before this Court and the nature and character of the issues available for presentation at the 19 July 1968 hearing, a hearing which followed the above-quoted petition and the above-quoted notice of hearing. The petitioner strenuously urges that there are but two issues, the right to further medical benefits as set forth in his petition for hearing and the determination of the loss of earning capacity, a question which was reserved in the 4 October 1967 award. The Funds urge that when the petitioner filed his petition for a hearing following the 4 October 1967 award that *all* issues were thereby open.

The key appears to be the following statement contained in Russell v. Industrial Commission of Arizona, 104 Ariz. 548 at 552 and 553, 456 P.2d 918 at 922 and 923 (1969):

"In the instant case, petitioner filed a timely protest and petition for rehearing of the March 17, 1965 award. We discussed the effect of such a timely protest in Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958), stating that 'the granting of a first motion to rehear the award has the effect of setting aside or vacating that award and when on rehearing the cause on its merits, the subsequent award supersedes the former.' Petitioner's timely motion to rehear had the effect of setting aside the March 17, 1965 award and opened the matter for a full hearing on the merits. The burden of proof on petitioner to establish a compensable disability remained the same as prior to the initial award."

In Russell the 17 March 1965 award referred to in the above quotation was an award which had been entered *before* there had been a formal hearing. In the case now before us, the 4 October 1967 award was an award which had been entered *before* there had been a formal hearing.

█ We recognize the apparent conflict between Russell and the above-quoted Industrial Commission Rule 38, a rule which appears to state that a person can limit the area of inquiry which is available at a hearing, this limitation arising by virtue of the fact that points which are not urged are "waived." This Rule, strongly relied on by counsel for the petitioner, does not appear, in the face of Russell, to apply to awards which have not become final *and* which have not been preceded by a formal hearing. Our views are supported by our opinions that a timely petition for hearing after an award not preceded by formal hearing opens up the whole case as a matter of right and that the petitioner need not specify the grounds of his petition. Salmi v. Industrial Commission, 3 Ariz.App. 411, 415 P.2d 126 (1966); Vidal v. Industrial Commission, 3 Ariz.App. 529, 416 P.2d 208 (1966); White v. Industrial Commission, 7 Ariz.App. 243, 437 P.2d 995 (1968).

We are not called upon in this case to consider the effect of Russell upon Commission Rule 38 in a situation wherein there is a petition for a *rehearing* (not the initial hearing) which petition for rehearing is addressed to an award which was entered after a formal hearing.

We hold that Russell requires that the 19 July 1968 hearing was a "trial *de novo*" on all issues notwithstanding the 4 October 1967 award. The petitioner was betwixt and between. He could have let the 4 October 1967 award become final in which event he would have been secure in the adjudication of a permanent partial disability. By taking this course, he would have sacrificed some of the medical benefits which he believed that he was entitled to and would have been required to take the greater responsibility of a later petition to reopen to secure those benefits to which he deemed himself entitled. Unfortunately the choice was in error.

We come then to the conflict of the medical testimony. The Commission followed the testimony of Dr. Fife.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.