FILED BY CLERK

OCT 27 2006

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| MICHAEL MEINERS, | ) | |
| | ) | 2 CA-IC 2006-0005 |
| Petitioner Employee, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| THE INDUSTRIAL COMMISSION OF | ) | |
| ARIZONA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| UNIVERSITY OF ARIZONA, | ) | |
| | ) | |
| Respondent Employer, | ) | |
| | ) | |
| RISK MANAGEMENT/STATE OF | ) | |
| ARIZONA, | ) | |
| | ) | |
| Respondent Insurer. | ) | |
| | ) | |

SPECIAL ACTION - INDUSTRIAL COMMISSION

ICA Claim No. 93098305955

Insurer No. 93-14431

Thomas A. Ireson, Administrative Law Judge

AWARD SET ASIDE

Rabinovitz & Associates, P.C.
 By Bernard I. Rabinovitz                                       Tucson
                                               Attorney for Petitioner Employee


The Industrial Commission of Arizona
 By Laura L. McGrory                                          Phoenix
                                                    Attorney for Respondent


Terry Goddard, Arizona Attorney General
 By Maria Morlacci                                             Tucson
                                                  Attorneys for Respondents
                                                     Employer and Insurer

B R A M M E R, Judge.

¶1        In this statutory special action, petitioner employee Michael Meiners contends the administrative law judge (ALJ) erred by reducing his workers' compensation benefits following a hearing on the petition he had filed for rearrangement. We conclude res judicata principles preclude the ALJ from reducing Meiners's disability compensation and set aside the award.

### Factual and Procedural Background

¶2        "On review of an Industrial Commission award, we must view the evidence in the light most favorable to sustaining the Industrial Commission's findings and award." *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110, 781 P.2d 586, 588 (1989). Meiners injured his back in 1993 while employed by the respondent employer, the University of Arizona. The injury affected his lower back and left leg. The University's insurer, the State of Arizona, accepted his claim for workers' compensation benefits and closed the claim in 1996,

2

awarding him monthly disability benefits of $345.16, finding he had sustained a permanent impairment.

¶3 In 2004, Meiners filed a petition to reopen pursuant to A.R.S. § 23-1061(H), which the ALJ denied following a hearing. Meiners had also filed a petition for rearrangement pursuant to A.R.S. § 23-1044(F),[1] which the Industrial Commission similarly denied. Meiners requested a hearing, at which he testified that, due to a congenital defect, his lower right leg was underdeveloped and his right foot and ankle "do[] not work correctly." He stated that he had begun having significant pain in his right lower back and right leg approximately two years after his back injury. Meiners reasoned this pain was a result of his increased use of his right leg to compensate for the back injury affecting his left leg. Meiners testified he was unable to work, could not sit or stand for more than ten minutes

---

[1]Section 23-1044(F) states:

> [A]n award of compensation . . . shall be subject to change in . . . the following events:
>
> 1. Upon a showing of a change in the physical condition of the employee subsequent to such findings and award arising out of the injury resulting in the reduction or increase of the employee's earning capacity.
>
> 2. Upon a showing of a reduction in the earning capacity of the employee arising out of such injury where there is no change in the employee's physical condition, subsequent to the findings and award.
>
> 3. Upon a showing that the employee's earning capacity has increased subsequent to such findings and award.

without pain, and that he "ha[s] to [lie] down several times a day." He agreed the defect of his right leg did not "interfere in any way with [his] ability to work" before his back injury.

¶4 Meiners's treating physician, Dr. Harvey Maksvytis, testified Meiners's back injury "created a chronic and exacerbating" condition, and the congenital defects in his right leg prevented him from compensating for it. Maksvytis stated Meiners's attempts to compensate for his back injury resulted in pain and weakness in his right side, which, in turn, would "exacerbate his left side." Maksvytis also testified Meiners was "total[ly] disabl[ed]" and that he could not engage "in any type of gainful employment" without "significant pain."

¶5 Dr. Kurt Schroeder testified Meiners could work a full-time job with some physical restrictions. Schroeder also stated that a 2004 magnetic resonance imaging (MRI) of Meiners's back revealed "there had been resolution of [the] significant disc rupture," and that the remaining abnormalities in his back were "from a medical treatment standpoint[,] benign." Schroeder testified it was "extremely unlikely" that Meiners's pain in his right leg was related to his "left-sided disc rupture."

¶6 After hearing labor market testimony from both parties, the ALJ adopted the testimony of Schroeder and the University's labor market expert, finding Meiners "could work in a customer service or reservation type position on a fulltime basis." The ALJ also adopted the University's labor market expert's salary calculations and reduced Meiners's award to $329.91. Upon review, the ALJ affirmed its decision reducing Meiners's benefits. This statutory special action followed.

4

**Discussion**

¶7        "We will not set aside the award if it is based upon any reasonable interpretation of the evidence." *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110, 781 P.2d 586, 588 (1989).  But, we "review all questions of law de novo." *Benafield v. Indus. Comm'n*, 193 Ariz. 531, ¶ 11, 975 P.2d 121, 125 (App. 1998).

¶8        Meiners argues the ALJ's reduction of his 1996 award was an impermissible "collateral attack" on that award because it was "final and res judicata."  Because the petition for rearrangement at issue here was filed by Meiners, not the University, we requested supplemental briefing from the parties on whether the ALJ had the authority to reduce Meiners's award absent a petition filed by the University requesting that relief.  The University argues in its supplemental brief that Meiners has waived this issue "by not presenting it in [his] opening brief." *See Ness v. Western Sec. Life Ins. Co.*, 174 Ariz. 497, 502, 851 P.2d 122, 127 (App. 1992).  The University contends this is not a question of subject matter jurisdiction, which cannot be waived. *See Switchtenberg v. Brimer*, 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App. 1991).  We agree, and, as we explain below, it instead involves application of the principle of res judicata.  Although Meiners did not raise that issue in a clear, direct, and express manner, the nature of his arguments in his opening brief was sufficient notice to the University of his contention that the ALJ had lacked the authority to reduce his award.[2]  Moreover, the University failed to address Meiners's res judicata

---

[2]The rule that issues not "clearly raised" in the opening brief are waived is not jurisdictional, but instead is a "policy of judicial restraint." *Childress Buick Co. v. O'Connell*, 198 Ariz. 454, ¶ 29, 11 P.3d 413, 418 (App. 2000).  This policy is intended to

arguments in any fashion in its answering brief. Although, in our discretion, "[s]uch an omission can be considered a confession of error," *In re 1996 Nissan Sentra*, 201 Ariz. 114, ¶ 7, 32 P.3d 39, 42 (App. 2001), we decline to treat it as such here, and, accordingly, address the issue on its merits.

**¶9** Either an employee or employer may petition for rearrangement pursuant to § 23-1044(F). The Industrial Commission's regulation, R20-5-134, Ariz. Admin. Code, requires that petition to be a signed writing stating "the basis upon which the rearrangement of compensation is sought" and must include supporting documentation.[3] We find no

---

avoid surprising the parties by "deciding their case on an issue they did not present" and to prevent the court from "deciding cases with no research assistance or analytical input from the parties." *Id.* Neither concern is implicated here; Meiners raised the issue, albeit imperfectly, and, as noted above, we requested supplemental briefing from the parties.

> [3]That regulation provides, in pertinent part:
>
> > A. A petition for rearrangement or readjustment of compensation filed with the Commission under A.R.S. 23-1044(F) shall be in writing. A form is available from the Commission upon request.
> >
> > B. A party or a party's authorized representative shall sign a petition for rearrangement or readjustment and include in the petition:
> >
> > > 1. A statement of the basis upon which the rearrangement or readjustment of compensation is sought, and
> > >
> > > 2. Documentation in support of the petition.
> >
> > C. The petition shall be signed by the employee or the employee's authorized representative, the employer, or, in the

6

petition by the University in the record meeting these requirements, nor did it request, in any of the papers it filed with the Commission, or at the hearing, that Meiners's award be reduced.

¶10 In its supplemental brief, the University argues *German v. Industrial Commission*, 12 Ariz. App. 301, 469 P.2d 867 (1970), is dispositive of the question of whether the ALJ had authority to reduce Meiners's award. In *German*, the petitioner, dissatisfied with the award he had received from the Industrial Commission, requested a hearing. *Id.* at 303-04, 469 P.2d at 869-70. The hearing officer found the petitioner had not sustained a compensable industrial injury and rescinded the award. *Id.* at 306, 469 P.2d at 872. On review, the petitioner argued the hearing officer had lacked the authority to reduce his award. *See id.* The petitioner relied on Industrial Commission Rule 38, which stated, in relevant part, that "[e]very ground or complaint, or defense, to such award or decision not so specified in such petition [for hearing]" is waived. *Id.* at 305, 469 P.2d at 871. He reasoned the rule limited the hearing to the two issues he had raised in his petition: "the right to further medical benefits . . . and the determination of the loss of earning capacity." *Id.* at 306, 469 P.2d at 872.

¶11 Division One of this court rejected that argument and determined Rule 38 did not "apply to awards which have not become final *and* which have not been preceded by a

---

case of an insurance carrier, by its authorized representative, and shall include a statement of the basis upon which the rearrangement of compensation is sought accompanied by supportive documentary evidence.

formal hearing," and, thus, did not preclude the hearing officer from deciding issues not raised in the petitioner's petition for hearing. *Id.* at 307, 469 P.2d at 873. The court relied on *Russell v. Industrial Commission*, 104 Ariz. 548, 456 P.2d 918 (1969), *overruled on other grounds by Parsons v. Bekins Freight*, 108 Ariz. 130, 132, 493 P.2d 913, 915 (1972). In *Russell*, our supreme court stated:

> "[T]he granting of a first motion to rehear the award has the effect of setting aside or vacating that award and when on rehearing the cause on its merits, the subsequent award supersedes the former." Petitioner's timely motion to rehear had the effect of setting aside the [previous] award and opened the matter for a full hearing on the merits. The burden of proof on petitioner to establish a compensable disability remained the same as prior to the initial award.

*Id.* at 553, 456 P.2d at 923, *quoting Wammack v. Indus. Comm'n*, 83 Ariz. 321, 327, 320 P.2d 950, 954 (1958).

¶12        The University contends that, based on *German* and the fact that the Industrial Commission rejected Meiners's petition for rearrangement without a formal hearing, his subsequent request for a hearing on that petition "gave the ALJ the authority to review the issue of permanent disability in its entirety and determine whether permanent benefits should be increased, decreased, or left as previously established." We disagree. *German* only stands for the proposition that an ALJ may reduce or rescind an initial award before it becomes final, unconstrained by issues raised in or absent from a petitioner's request for a hearing. The court in *German* stated the petitioner "could have let the [initial] award become final in which event he would have been secure in the adjudication of a permanent partial disability," and later sought additional benefits pursuant to a petition to reopen. 12 Ariz. App. at 307,

8

469 P.2d at 873. The court further noted it did not "consider the effect of *Russell* upon Commission Rule 38 in a situation wherein there is a petition for a *rehearing* (not the initial hearing) which petition for rehearing is addressed to an award which was entered after a formal hearing." *Id.* Thus, the court did not suggest a petition filed after an award became final would serve to set aside or vacate that award and thus "open[] up the whole case [for review] as a matter of right." *Id.* Moreover, after *German*, Division One of this court determined that Rule 38 "is fully applicable to a petition for rehearing . . . and . . . *Russell* does not preclude its applicability." *Abounader v. Indus. Comm'n*, 12 Ariz. App. 535, 538, 473 P.2d 460, 463 (1970); *see also Fish v. Indus. Comm'n*, 12 Ariz. App. 486, 495, 472 P.2d 97, 106 (1970) ("*Russell* does not supersede Rule 38 in situations wherein there is a request for a rehearing in relation to an award, not final, . . . entered after a formal hearing." Thus, "the issues can be limited by the language set forth in the petition for rehearing.").

¶13        In contrast to *German*, Meiners's original award was entered after a hearing and became final in 1996. That award determined his permanent disability resulted in a forty-two percent reduction in his earning capacity. "After findings and an award are made, the doctrine of res judicata operates to bar relitigation of issues which were . . . decided at that proceeding." *Pima County Bd. of Supervisors v. Indus. Comm'n*, 149 Ariz. 38, 43, 716 P.2d 407, 412 (1986). Accordingly, any alteration to that award would be constrained by the statutes governing reopening and rearrangement, §§ 23-1061(H) and 23-1044(F). *See Pima County Bd. of Supervisors*, 149 Ariz. at 43-44, 716 P.2d at 412-13 (reopen and rearrangement statutes are exceptions to doctrine of res judicata). Unlike the review of an initial award

9

examined in *German*, § 23-1044(F) does not contemplate de novo review of a final award; it instead only permits modification of that award on a showing the employee's physical condition or earning capacity has changed.

¶14      We find no authority suggesting an ALJ may find an employee's earning capacity has increased under § 23-1044(F) absent a petition by the carrier or employer requesting such a determination, thereby providing notice to the employee and the opportunity to contest the request.[4]  The only issue before the ALJ was whether Meiners's earning capacity had been reduced due to a change in physical condition or other factor arising out of his compensable injury.  And, as noted above, the University did not file a petition meeting the requirements of R20-5-134, Ariz. Admin. Code.  *See LaWall v. Pima County Merit Sys. Comm'n*, 212 Ariz. 489, ¶ 15, 134 P.3d 394, 399 (App. 2006) ("[A]n administrative rule has the same effect and force as a statute.").  Thus, we disagree with the University and conclude the doctrine of res judicata barred the ALJ from reducing Meiners's award.  *See Pima County Bd. of Supervisors*, 149 Ariz. at 43, 716 P.2d at 412; *see also Clay v. Ariz. Interscholastic Ass'n, Inc.*, 161 Ariz. 474, 476, 779 P.2d 349, 351 (1989) ("[A]n

---

[4]We reject the University's assertion at oral argument that notice may be implied from the evidence produced in discovery.  That evidence may reasonably support a reduction in benefits is not notice that a party is actually seeking it.  *See, e.g., Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950) ("An elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").  Moreover, evidence produced in discovery on one issue may not always mirror the evidence produced at a hearing on a different issue, and we decline to adopt a rule that would require an appellate court to review documents produced in discovery on one issue to determine whether they were sufficient to give notice of different relief a party might seek.

[administrative] agency must follow its own rules and regulations; to do otherwise is unlawful."); *Modern Indus. Inc. v. Indus. Comm'n*, 125 Ariz. 283, 286-87, 609 P.2d 98, 101-02 (App. 1980) (petition to reopen claim required to properly invoke jurisdiction of Industrial Commission).

¶15 Our conclusion is consistent with the purpose of workers' compensation law, which is "to protect the [worker] and to relieve society of the burden caused by industrial accidents." *English v. Indus. Comm'n*, 73 Ariz. 86, 89, 237 P.2d 815, 817 (1951).

> It has been repeatedly held that the Act should receive a liberal interpretation in favor of the employee. Where there is a doubt as to the [Act's] construction, that construction should be adopted which will best effect its purpose of compensating the injured employee for his loss of earning power.

*Id.* Rearrangement allows an employee to petition for an increase in benefits should a condition worsen or earning capacity decrease. To hold an ALJ may reduce an employee's compensation absent an employer or carrier filing a proper petition to rearrange could discourage an employee from seeking rearrangement, and would be contrary to the remedial purpose of the workers' compensation statutes.

¶16 At oral argument, the University contended that permitting an ALJ to reduce an award in the absence of a petition filed by the employer or carrier is permissible because such a rule would promote judicial efficiency.[5] It reasons that, because the evidence

---

[5]The University also argued that it is common practice for an ALJ to reduce an award when an employee petitions to increase it, but could not recall any specific instance in which that had occurred, nor are we aware of any. Meiners disagreed with the University's contention. In any event, the record before us contains no evidence of such practice. And, even if this practice were pervasive, that does not mean it is correct.

11

presented at the hearing would be similar regardless of which party filed the petition, it is more efficient for the ALJ to address the employee's earning capacity de novo. We are unconvinced. Although the evidence presented could be similar, it is not necessarily so, nor would it necessarily be presented or argued in the same manner than if the employee did not have to guard against a reduction in benefits. Moreover, any benefit to judicial efficiency does not outweigh the risk of inadequate notice, the policy goals of the workers' compensation system, or the requirements of R20-5-134, Ariz. Admin. Code.

¶17 Because the doctrine of res judicata precluded the ALJ from reducing Meiners's workers' compensation benefits, we set aside the award. Thus, we do not address Meiners's remaining arguments.

J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

PETER J. ECKERSTROM, Presiding Judge

PHILIP G. ESPINOSA, Judge

12