IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**KEYAIRA PORTER,**
*Appellant,*

No. CR-20-0147-PR
Filed July 22, 2021

Appeal from the Superior Court in Maricopa County
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*
No. CR2017-137407-001
**AFFIRMED**

Opinion of the Court of Appeals, Division One
248 Ariz. 392 (App. 2020)
**VACATED**

COUNSEL:

Mark Brnovich, Arizona Attorney General, Brunn (Beau) W. Roysden, III, Solicitor General, Michael T. O'Toole (argued), Chief Counsel, Criminal Appeals Section, Linley Wilson, Deputy Solicitor General/Chief of Criminal Appeals, Phoenix, Attorneys for State of Arizona

James J. Haas, Maricopa County Public Defender; Mikel Steinfeld (argued), Deputy Public Defender, Phoenix, Attorneys for Keyaira Porter

Jared G. Keenan, Phoenix, Attorney for Amicus Curiae American Civil Liberties Union Foundation of Arizona and Arizona Attorneys for Criminal Justice; and Daniel A. Arellano, Ballard Spahr LLP, Phoenix, Attorneys for Amicus Curiae Los Abogados Hispanic Bar Association Inc.

JUSTICE LOPEZ authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, JUSTICES BOLICK and BEENE, and JUDGE ECKERSTROM[*] joined[**].

---

JUSTICE LOPEZ, opinion of the Court:

**¶1** We consider whether, when a *Batson* challenge is raised, a trial court must make express findings on the credibility of a demeanor-based justification for a peremptory strike when a non-demeanor-based justification is also offered and there is no evidence that either justification is pretextual. We hold that no such express finding requirement exists under federal or Arizona law.

## BACKGROUND

**¶2** Keyaira Porter, an African American, was charged with aggravated assault of a police officer and resisting arrest. During jury selection, the prosecutor used peremptory strikes to remove the only African American venire members: Prospective Jurors 2 and 20. Porter raised a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986). The prosecutor responded that she struck Prospective Juror 2 because (1) the juror's brother had been convicted of aggravated assault—similar to the crime charged in this case—and (2) she "did not seem to be very sure" with her responses as to whether her brother's conviction would impact her ability to be impartial. The prosecutor struck Prospective Juror 20 because she had been the foreperson in a previous criminal case in which the jury acquitted the defendant. In response, Porter only addressed the prosecutor's explanation as to Prospective Juror 2 and emphasized that, when answering the voir dire questions, Prospective Juror 2 said her brother was treated fairly, his experience would not influence her decision-making as a juror, and she could follow the rules provided by the court. The trial court considered the arguments and denied the *Batson* challenge,

---

[*] Justice Montgomery is recused from this matter. Pursuant to article 6, section 3 of the Arizona Constitution, Hon. Peter Eckerstrom, Judge of the Court of Appeals Division Two, was designated to sit in this matter.

[**] Although Justice Andrew W. Gould (Ret.) participated in the oral argument in this case, he retired before issuance of this opinion and did not take part in its drafting.

reasoning that the prosecutor had articulated "reasonable" race-neutral explanations for its peremptory strikes.

**¶3** The jury acquitted Porter of aggravated assault but convicted her of resisting arrest. Porter appealed, arguing that the prosecutor's disparate treatment of jurors and the failure to conduct voir dire on the topic of prior jury service revealed the prosecutor's discriminatory intent in jury selection. In a split opinion, the court of appeals remanded the case and directed the trial court to either (1) make the necessary findings relative to Prospective Juror 2, as required by *Snyder v. Louisiana*, 552 U.S. 472 (2008), or (2) if it could not reconstruct the record, vacate Porter's conviction and retry the case. *State v. Porter*, 248 Ariz. 392, 394 ¶ 1 (App. 2020). The majority reasoned that although the trial court concluded that the proffered justifications were race-neutral, it did not expressly determine whether those justifications were credible, particularly in light of the pattern of strikes against minority jurors. *Id.* The dissent concluded that neither *Snyder* nor Arizona law require trial courts to make express findings concerning demeanor-based explanations. *Id.* at 403–04 ¶¶ 37–40 (McMurdie, J., dissenting).

**¶4** We granted review to determine whether federal or state *Batson* jurisprudence requires a trial court to expressly address a demeanor-based justification when two race-neutral reasons are offered, the non-demeanor-based one is explicitly deemed credible, and there is no finding that the remaining demeanor-based justification is pretextual. This is a recurring issue of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

**¶5** As an initial matter, we note that the court of appeals resolved this appeal on the basis that the trial court failed to make specific findings regarding the demeanor-based explanation even though Porter did not raise this issue in the trial court or on appeal, and even though the parties did not brief or argue this issue. We remind our appellate court that, "[a]lthough [they] may choose to address issues the parties fail to address in the briefs, they should heed the principles underlying the waiver doctrine intended 'to prevent the court from deciding cases with no research assistance or analytical input from the parties.'" *State v. Robertson*, 249 Ariz. 256, 258–59 ¶ 9 (2020) (internal citation omitted) (quoting *Meiners*

3

*v. Indus. Comm'n*, 213 Ariz. 536, 538–39 ¶ 8 n.2 (App. 2006)). "Although we do not ordinarily consider issues not raised in the trial court or court of appeals, if good reason exists, this court may and will entertain such questions as the rule is jurisprudential rather than substantive." *State v. Hernandez*, 244 Ariz. 1, 3–4 ¶ 10 (2018) (quoting *Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 406 n.9 (1995)). Here, good reason exists to address the identified issue in order to clarify whether, when a *Batson* challenge is raised, our trial courts are required to make express findings concerning a demeanor-based justification for a peremptory strike.

¶6        We will not reverse a court's ruling on a *Batson* challenge unless it is clearly erroneous, *State v. Escalante-Orozco*, 241 Ariz. 254, 271 ¶ 35 (2017), *abrogated on other grounds by State v. Escalante*, 245 Ariz. 135 (2018), and we afford great deference to trial court findings in this context, *see Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Batson*, 476 U.S. at 98 n.21 ("Since the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference."); *State v. Smith*, 250 Ariz. 69, 86 ¶ 62 (2020) (to similar effect).

**I.**

¶7        We first consider whether federal *Batson* jurisprudence requires express findings that the prosecutor's race-neutral reasons were credible and non-pretextual.

¶8        The court of appeals here determined that "[t]he trial court denied the *Batson* challenge without expressly addressing either the demeanor-based explanation or the racially disproportionate impact of the strikes" and held that *Snyder* required the court "to make explicit findings on those two points." *Porter*, 248 Ariz. at 394 ¶ 1. We disagree with the court of appeals' interpretation of *Snyder*.

¶9        We begin with a brief review of *Batson*'s analytical framework. The state may exercise peremptory challenges to "assur[e] the selection of a qualified and unbiased jury," *Batson*, 476 U.S. at 91, subject to the commands of the Equal Protection Clause, U.S. Const. amend. XIV. Thus, the state may not consider race in jury selection, and it engages in unconstitutional discrimination when it denies a citizen participation in jury service on account of race. *Batson*, 476 U.S. at 91.

4

¶10        A *Batson* challenge involves three steps:

> [O]nce the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step one), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step two). If a race-neutral explanation is tendered, the trial court must then decide (step three) whether the opponent of the strike has proved purposeful racial discrimination.

*Purkett v. Elem*, 514 U.S. 765, 767 (1995); *see also State v. Medina*, 232 Ariz. 391, 404 ¶ 44 (2013) (same).

¶11        Step one of the *Batson* framework—establishing a case of prima facie racial discrimination—may be satisfied by a pattern of strikes against minority jurors. *Batson*, 476 U.S. at 97. Step two—proffering a race-neutral explanation—may be satisfied by an offer of any facially race-neutral explanation for the strikes. *Purkett*, 514 U.S. at 768. At step three, the trial court must evaluate the credibility of the striking party's proffered explanation to determine whether the reasons are pretexts for purposeful discrimination. *See Snyder*, 552 U.S. at 484–85; *State v. Gay*, 214 Ariz. 214, 220 ¶ 17 (App. 2007). To make this determination at step three, the court may consider the prosecutor's demeanor, the juror's demeanor, the reasonableness or improbability of the explanations, and whether the proffered rationale has some basis in accepted trial strategy. *Gay*, 214 Ariz. at 220–21 ¶¶ 17, 19 (citing *Cockrell*, 537 U.S. at 339); *see also Snyder*, 552 U.S. at 477 (noting that the prosecutor's demeanor is the best evidence at step three). "Comparison of stricken and non-stricken jurors' characteristics, as well as comparison of how the prosecutor questioned those jurors, may [also] be relevant." *Porter*, 248 Ariz. at 397 ¶ 14 (citing *Flowers v. Mississippi*, 139 S. Ct. 2228, 2244, 2246–51 (2019)).

¶12        The crux of this case concerns whether *Snyder* requires trial courts to make express findings on the credibility of a demeanor-based justification in response to a *Batson* challenge. Here, the court of appeals interpreted *Snyder* to hold that when a trial court is presented with two explanations for a strike, and one is based on a prospective juror's demeanor, an appellate court may not presume that the trial court credited the demeanor-based explanation simply because it denied the *Batson*

challenge. Consequently, it reasoned that a trial court must always make explicit findings on demeanor-based justifications, and a "conclusory statement that there was no purposeful discrimination [is] not sufficient." *Id.* at 399 ¶ 21. We disagree. The court of appeals extended *Snyder* beyond its jurisprudential reach.

¶13 At *Batson*'s third step, as discussed, the trial court must determine whether the prosecutor's proffered reasons were a pretext for purposeful discrimination. *Supra* ¶ 11. If the peremptory strike is based on a juror's demeanor, the trial court must evaluate whether the juror's demeanor can credibly serve as the basis for the strike. *Snyder*, 552 U.S. at 477. However, *Snyder* does not require a trial court to make specific, explicit findings concerning demeanor-based justifications when it credits another race-neutral reason. In *Snyder*, the prosecutor offered two explanations for a peremptory strike: work hardship (non-demeanor-based) and nervousness (demeanor-based). *Id.* at 478. The Supreme Court concluded that the non-demeanor-based justification was clearly pretextual, given the stricken juror's lack of an actual work conflict and the significant number of other jurors who were retained despite their concerns that jury service would interfere with their work obligations. *Id.* at 479–83. The Court, however, could not determine whether the trial court considered or accepted the second, demeanor-based reason because it simply allowed the peremptory challenge without explanation. *Id.* The uncertainty attendant this unique circumstance led the Court to conclude that, because the passage of years did not allow the trial court to make an express finding on the demeanor-based justification on remand, the trial court committed clear error in rejecting the *Batson* challenge. *Id.* at 486.

¶14 The rule we elicit from *Snyder* is that appellate courts may not uphold a *Batson* ruling based on a demeanor-based justification when a non-demeanor-based justification is clearly pretextual and the trial court did not clarify which explanation it found credible in denying a *Batson* challenge. In other words, the lack of an express finding regarding the prosecutor's demeanor-based explanation is consequential only if the record clearly indicates that the other proffered reason was pretextual. Accordingly, we join the Supreme Court, the majority of federal courts, and the court of appeals' dissent in concluding that *Snyder*'s express-finding requirement is inapplicable in cases where a demeanor-based and a non-demeanor-based justification are offered and neither is clearly pretextual. *See, e.g.*, *Davis v. Ayala*, 576 U.S. 257, 274–75 (2015) (reasoning that if the non-

6

demeanor-based reason for a strike is sufficient, an appellate court need not consider an additional demeanor-based reason for a strike); *Thaler v. Haynes*, 559 U.S. 43, 47–49 (2010) (reasoning that none of the Court's clearly established precedent created an obligation on a trial court to make express findings of a juror's demeanor); *United States v. Thompson*, 735 F.3d 291, 299 (5th Cir. 2013) (considering a similar argument, emphasizing that *Snyder*'s holding "depended on its conclusion that the prosecution's second reason for the strike was 'suspicious,' 'implausib[le],' and 'pretextual,'" and agreeing with other circuits that *Snyder* does not require a trial court to make such record findings); *Porter*, 248 Ariz. at 403–04 ¶¶ 37–39 (McMurdie, J., dissenting).

## II.

¶15        We next consider whether Arizona's *Batson* jurisprudence requires express findings that the prosecutor's race-neutral reasons were credible and non-pretextual.

¶16        First, we reject the court of appeals' reasoning that Arizona law requires express findings of all proffered peremptory strike justifications in light of the holding in *State v. Lucas* that an impermissible, non-race-neutral justification taints a race-neutral reason for the strike. 199 Ariz. 366, 369 ¶¶ 11–13 (App. 2001). In *Lucas*, the prosecutor offered two grounds to strike the only African American panel member: (1) the prospective juror was an attorney, and (2) southern men have a negative view of pregnant women who work. *Id.* at 368 ¶¶ 9–10. The first justification was a permissible race- and gender-neutral reason, whereas the second was a prohibited anecdotal generalization about men. *Id. Lucas* held that "'[o]nce a discriminatory reason has been uncovered—either inherent or pretextual—this reason taints' any other neutral reason for the strike," requiring reversal. *Id.* at 369 ¶ 11 (quoting *Payton v. Kearse*, 495 S.E.2d 205, 210 (S.C. 1998)). We need not address *Lucas*' fundamental premise that a race-neutral justification for a strike does not remedy a discriminatory reason, as *Lucas* is inapplicable here because the trial court did not find a proscribed discriminatory reason for a peremptory strike. *See, e.g., State v. Butler*, 230 Ariz. 465, 475–76 ¶ 43 (App. 2012) (similarly distinguishing *Lucas* where the only justifications for the peremptory strikes were race-neutral).

¶17        Second, we decline Porter's request, based on *Williams v. State*, to implement a rule in which trial courts must make explicit determinations

at each step of *Batson*. *See* 429 P.3d 301, 308–09 (Nev. 2018). Although *Williams* implored trial courts to "spell out their reasoning and determinations" at each *Batson* step, it implicitly recognized that explicit findings may not, in fact, be required in every instance when it stated that the outcome of the case would have been different if demeanor had been the only explanation offered. *See id.* at 306, 309. And, as in *Snyder*, it emphasized that a trial court must make an explicit credibility determination on a demeanor-based strike *when* the other proffered explanation appears implausible. *Id.* at 309. To the extent that *Williams* suggests that trial courts are always required to make explicit findings at *Batson*'s third step, we reject it as inconsistent with Arizona law.

**¶18**        Indeed, "[Arizona] precedent allows [appellate courts] to defer to an implicit finding that a reason was non-discriminatory even when the trial court did not expressly rule on the third *Batson* factor," *Smith*, 250 Ariz. at 88 ¶ 73 (cleaned up) (quoting *State v. Prasertphong*, 206 Ariz. 70, 87 ¶¶ 63–64 (2003)); *see also State v. Canez*, 202 Ariz. 133, 147 ¶ 28 (2002) (affirming the court's implicit finding under step three in denying the *Batson* challenge); *State v. Lynch*, 238 Ariz. 84, 104 ¶ 70 (2015) (same), which the court of appeals in *Porter* acknowledged, *see* 248 Ariz. at 397 ¶ 16 ("[T]he trial court need not make detailed findings addressing all the evidence before it, and, in Arizona, may even conduct the entire step-three analysis implicitly in some cases." (internal citation omitted) (internal quotation marks omitted)); *see also Medina*, 232 Ariz. at 404 ¶ 45 (reasoning that the trial court, by requesting explanations for the prosecution's peremptory strikes, implicitly found at *Batson*'s first step that a prima facie showing of racial discrimination had been made). In other words, the court may satisfy the requirement—to evaluate whether the juror's demeanor can credibly be said to have exhibited the basis for the strike—by denying a *Batson* challenge and thereby implicitly finding that the proffered justifications are genuine and non-pretextual. *See Smith*, 250 Ariz. at 87 ¶ 67, 88 ¶¶ 72–73.

**¶19**        Accordingly, as with federal law, Arizona's *Batson* jurisprudence does not require trial courts to make explicit findings on demeanor-based justifications when a non-demeanor-based justification is offered and there is no evidence that either justification is pretextual.

## III.

**¶20**    Porter also argues that the trial court erred when it purportedly failed to conduct a comparative analysis of Prospective Jurors 2 and 20 and other non-minority jurors.  The trial court did, however, note that the prosecutor struck not only Prospective Juror 20, but also two non-minority jurors, for reasons related to prior jury service.  Moreover, Porter did not object in the trial court to its purported failure to conduct a comparative juror analysis.

**¶21**    "Comparing prospective jurors who were struck and not struck can be an important step in determining whether a *Batson* violation occurred."  *Flowers*, 139 S. Ct. at 2248; *see also Miller-El v. Dretke*, 545 U.S. 231, 241 (2005).  However, courts are not required to employ a comparative analysis when reviewing *Batson* claims, *see Medina*, 232 Ariz. at 404–05 ¶¶ 48–49 (rejecting the argument that a comparative juror analysis is a constitutionally required aspect of *Batson* review), and this Court "decline[s] to do so when the similarities between peremptorily stricken jurors and those remaining on the panel were not raised at trial," *id.* at 405 ¶ 48.  Indeed, we have ruled that the failure to properly object to a *Batson* issue cannot be cured, even under fundamental error review:

> We have previously held that *Batson* challenges must be made before the end of the jury selection process or they will not be considered on appeal.  *State v. Harris*, 157 Ariz. 35 (1988).  We believe that this rule should also be applied to the untimely presentation of evidence to support *Batson* arguments otherwise properly raised.  This limitation on *Batson* rights passes constitutional muster, *see Allen v. Hardy*, 478 U.S. 255, 259 (1986) (new rule doesn't have fundamental impact warranting retroactive application); *Virgin Islands v. Forte*, 806 F.2d 73, 76–77 (3d Cir. 1986) (not fundamental error; waived if not timely raised), and we adhere to it.

*State v. Cruz*, 175 Ariz. 395, 398 (1993).  Notably, the Supreme Court has warned that "a retrospective comparison of jurors based on a cold appellate record may be very misleading when alleged similarities were not raised at trial."  *Snyder*, 552 U.S. at 483.

¶22 Porter's failure to raise this issue in the trial court deprived the prosecutor of the opportunity to distinguish allegedly similarly situated jurors and divested the trial court of the occasion to conduct an in-depth comparison of the jurors. Consequently, Porter waived this issue. *See, e.g.*, *Smith*, 250 Ariz. at 88 ¶ 71 (finding waiver of comparative analysis claim in similar circumstances); *Escalante-Orozco*, 241 Ariz. at 272 ¶ 37 (same); *State v. Garza*, 216 Ariz. 56, 65 ¶ 31 (2007) (defendant waives *Batson* challenges by failing to object at trial); *Medina*, 232 Ariz. at 405 ¶ 49 (same).

## IV.

¶23 We now apply our *Batson* analysis to this case. We find that the trial court did not clearly err in denying Porter's *Batson* challenge.

¶24 Here, after the parties completed their peremptory strikes, Porter raised a *Batson* challenge, requesting that the prosecutor provide reasonable and legitimate reasons for striking the only two African American prospective jurors. At *Batson*'s second step, the trial court heard the prosecutor's explanations. The prosecutor's reasons for striking Prospective Juror 2—because her brother had been convicted of aggravated assault and she was uncertain whether it would affect her impartiality—and Prospective Juror 20—because she had been the foreperson in a previous criminal case in which the jury acquitted the defendant—were objectively race-neutral and recognized as legitimate bases for peremptory strikes. *See, e.g.*, *State v. Reyes*, 163 Ariz. 488, 491–92 (App. 1989) (upholding peremptory strike of juror whose sister was in prison for assault—one of the charges against the defendant in the case—as race-neutral and non-pretextual); *State v. Trostle*, 191 Ariz. 4, 12 (1997) (finding the prosecutor's explanation—that the juror was struck because he had previously served on a criminal jury that returned not guilty verdicts—to be "a facially objective basis for a peremptory challenge, unrelated to race or gender").

¶25 At step three, the trial court considered the prosecutor's explanations, the parties' other strikes, and the court's notes, and found that the prosecutor's justifications for striking both Prospective Jurors 2 and 20 were "reasonable" and not made with purposeful discriminatory intent. In fact, the trial court stated that it was reasonable for the prosecutor to want to eliminate one juror whose close family member was convicted of an offense similar to the charge in this case, and another who may have a stronger personality or be more willing to acquit a defendant. In light of

these express credibility findings, we must assume that the trial court implicitly determined that the demeanor-based justification concerning Prospective Juror 2's impartiality was likewise not pretextual. *See Stevenson v. Stevenson*, 132 Ariz. 44, 46 (1982) ("[O]n appeal the court must assume that the trial court found every fact necessary to support its judgment and must affirm if any reasonable construction of the evidence justifies the decision.").

¶26         Neither the Supreme Court nor this Court requires explicit findings at *Batson*'s third step when two justifications—one demeanor-based and one not—are given, neither are clearly pretextual, and the non-demeanor-based reason is expressly deemed credible by the trial court. Thus, the trial court here satisfied its obligations under federal and Arizona *Batson* jurisprudence.

¶27         We emphasize the importance of context in evaluating a *Batson* challenge. Key factors to consider include a pattern of striking all minority prospective jurors, the prosecutor's disparate questioning of jurors, side-by-side comparisons of struck and non-struck jurors, the prosecutor's misrepresentations of the record, and the relevant history of the prosecutor's peremptory strikes in past cases. *See Flowers*, 139 S. Ct. at 2243. We also express our confidence that trial judges—who are in a better position to discern the intent and demeanor of prosecutors and jurors—are uniquely situated to determine whether peremptory challenges are being used to discriminate against minority jurors. *See, e.g., Batson*, 476 U.S. at 97; *Snyder*, 552 U.S. at 477; *Hernandez v. New York*, 500 U.S. 352, 365 (1991). Although express findings are not required, we encourage trial courts to make them as they will bolster their rulings and facilitate review on appeal. Taken together, on this record, we find that the trial court did not clearly err.

**CONCLUSION**

¶28         For the reasons set forth above, we vacate the court of appeals' opinion and affirm the trial court's denial of Porter's *Batson* challenge.