NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ADAN IVAN MUNOZ ESPINOZA, *Appellant.*

No. 1 CA-CR 23-0420

FILED 12-05-2024

Appeal from the Superior Court in Maricopa County
No. CR2023-103909-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Law Office of Stephen M. Johnson Inc, Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Eric K. Knobloch
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**        Adan Espinoza appeals his conviction and sentence for one count of child sex trafficking. We affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        In January 2023, an undercover police detective posted an online advertisement under a fictitious name, "Maddie," stating she was "bored" and looking for money. The ad reflected that Maddie was 18 and contained a photograph of a model who was over 18. Espinoza began messaging Maddie's account and asked to meet for a car date. Maddie told him that she did not have a car because, despite stating that she was over 18 in the personal ad, she was a 16-year-old high school student. Eventually, Espinoza agreed to pay Maddie in exchange for sex, and they arranged to meet at a coffee shop. At the meet-up, officers arrested Espinoza, and the State charged him with one count of child sex trafficking, a class 2 felony.

**¶3**        At trial, Espinoza testified. During cross-examination, the State introduced evidence of his two prior felony convictions, attacking his credibility as a witness under Arizona Rule of Evidence 609. After the close of evidence, the court gave the jury a limiting instruction related to the prior convictions from the Revised Arizona Jury Instructions ("RAJI") with two modifications. The unmodified RAJI 21 reads:

> You have heard evidence that defendant has previously been convicted of a criminal offense. You may consider that evidence only as it may affect defendant's believability as a witness. You must not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

---

[1]        We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

Rev. Ariz. Jury Instr. Stand. Crim. 21 (6th ed. 2022).

**¶4**        In open court and the written instructions, the court added the following text after the first sentence, "Evidence of this nature is allowed for a very restrictive and limited purpose." Next, in the written instructions, the court capitalized "only" in the sentence, "You may consider that evidence ONLY as it may affect defendant's believability as a witness." Espinoza's counsel did not object to either change.

**¶5**        The jury found Espinoza guilty of one count of child sex trafficking, and the court sentenced him to a term of seven years' imprisonment with 68 days of presentence incarceration credit. Espinoza appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 13-4031, -4033(A)(1).

**DISCUSSION**

**¶6**        If a defendant fails to object to a jury instruction, "we review only for fundamental error." *State v. Finch*, 202 Ariz. 410, 415, ¶ 19 (2002); *see also State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). An error is fundamental if it (1) "went to the foundation of the case"; (2) "took from the defendant a right essential to his defense"; or (3) "was so egregious that he could not possibly have received a fair trial." *Escalante*, 245 Ariz. at 142, ¶ 21. "If the defendant establishes fundamental error under prongs one or two, he must make a separate showing of prejudice." *Id.* We must grant a new trial if the defendant establishes the third prong. *Id.* In determining whether the court properly instructed a jury, the test is whether "the instructions adequately set forth the law applicable to the case." *State v. Rodriguez*, 192 Ariz. 58, 61-62, ¶ 16 (1998). A jury instruction creates reversible error if the instruction, taken as a whole, supports the belief that the jurors would have been misled. *State v. Gallegos*, 178 Ariz. 1, 10 (1994). But the defendant must meet his burden of persuasion in proving the jury instruction was prejudicial. *See Escalante*, 245 Ariz. at 142, ¶ 21. And mere speculation that the instruction confused the jury does not establish actual confusion. *State v. Bass*, 198 Ariz. 571, 577, ¶ 17 (2000).

**¶7**        The court's modified RAJI correctly set forth the law about the permitted purposes for which the jury could consider Espinoza's prior convictions. *See State v. Canedo*, 125 Ariz. 197, 200 (1980) (When the court admits a criminal defendant's prior offenses, it must inform the jury it is for the limited and restricted purpose of determining credibility as a witness and not to determine whether he is of bad character.); *see also State v. Larin*, 233 Ariz. 202, 212, ¶ 37 (App. 2013) ("[C]ourts are not required to follow the

RAJI."); Ariz. R. Evid. 609 (The State may attack a criminal defendant's character for truthfulness with evidence of a prior criminal conviction.).

¶8 Espinoza argues that the court's deviations from the approved instruction was an error that went to the foundation of the case.[2] An error "goes to the 'foundation of the case' if it relieves the prosecution of its burden to prove a crime's elements." *Escalante*, 245 Ariz. at 141, ¶ 18. By capitalizing "only" in the instructions, he contends the court "amplified the significance of [his] prior convictions in the jurors' minds." Similarly, he argues that adding the phrase "very restrictive and limited purpose" drew extra attention to his prior convictions. We find no error here. Even if the modifications highlighted Espinoza's prior convictions, that would not violate the law if the jury was instructed only to consider those convictions to evaluate credibility.

¶9 Even if we assume error, Espinoza has not met his burden to show that the modifications prejudiced him. *See State v. Ruiz*, 236 Ariz. 317, 322, ¶ 13 (App. 2014) (Prejudice requires a showing "that a reasonable, properly instructed jury could have reached a different result.") (quotation omitted). Espinoza presents no evidence supporting his argument that the RAJI changes *could* confuse the jury. *See Bass*, 198 Ariz. at 576-77, ¶ 17 (mere speculation is insufficient). He presents no evidence suggesting that the changes conflicted with other instructions or that a reasonable jury could have reached a different result without the modifications. *See Ruiz*, 236 Ariz. at 322, ¶ 13. If anything, the modifications benefited his defense by highlighting to the jury that it could only consider his prior convictions for a restricted purpose. Espinoza has not met his burden of proving either error or prejudice. Thus, no fundamental error occurred.

---

[2] Espinoza's briefs point to each prong of fundamental error but do not sufficiently develop the arguments. Such a failure to develop an argument could waive the claim. *See* Ariz. R. Crim. P. 31.10(a)(7)(A); *State v. Moody*, 208 Ariz. 424, 452, ¶ 101, n.9 (2004) (An appellant's failure to support their position on an issue in their opening brief with developed arguments and legal authority usually constitutes waiver of that claim.). But because the rule is prudential and because the opening brief adequately put the State on notice, we choose to resolve the merits of the claim. *Meiners v. Indus. Comm'n of Ariz.*, 213 Ariz. 536, 538-39, ¶ 8 (App. 2006).

**CONCLUSION**

¶10 We affirm Espinoza's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AGFV